66 N.J. Super. 110 (1961)
168 A.2d 653
WALTER O. BAUMAN, PLAINTIFF-APPELLANT,
v.
ROYAL INDEMNITY COMPANY, A CORPORATION OF THE STATE OF NEW YORK, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 27, 1961.
Decided March 9, 1961.
*111 Before Judges PRICE, GAULKIN and SULLIVAN.
*112 Mr. Sidney M. Schreiber argued the cause for the plaintiff-appellant (Messrs. Schreiber, Lancaster & Demos, attorneys).
Mr. Robert Scherling argued the cause for the defendant-respondent (Messrs. Reid & Flaherty, attorneys).
The opinion of the court was delivered by GAULKIN, J.A.D.
Plaintiff's domestic servant obtained a workmen's compensation award against him for injuries she sustained while employed in his home. He paid the award, and then sued defendant in this action to recover the amount of the award plus the expenses incurred in contesting it. The trial judge entered judgment of dismissal at the end of plaintiff's case, and he appeals.
Plaintiff's first point is that defendant's policy, captioned "Comprehensive Personal Liability Policy," covers the workmen's compensation claims of domestic servants, citing Gunther v. Metropolitan Cas. Ins. Co., 33 N.J. Super. 101 (Law Div. 1954).
After Gunther was decided the National Bureau of Casualty and Surety Underwriters deleted from such policies the words "(2) any residence employee of the insured while engaged in the employment of the insured." (Gunther, 33 N.J. Super., at p. 104; Robert E. Rodes, Jr., "Insurance," "Annual Survey of New Jersey Law," 10 Rutgers L. Rev. 219, at p. 233 (1955)). Therefore, when the policy sued upon was issued, in 1956, the exclusionary clause provided (emphasis ours):
"This policy does not apply:

* * * * * * * *
(d) to bodily injury to * * * any employee of the insured arising out of and in the course of his employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or if the insured has in effect on the date of the occurrence a policy providing workmen's compensation benefits for such employee; * * *."
*113 Plaintiff contends that the above mentioned deletion did not succeed in eliminating the domestic servant workmen's compensation coverage, and that the reasoning of the Gunther case still applies and makes defendant liable.
That is not so. The court had no doubt, in Gunther, that the insurance company had no intention to indemnify against the workmen's compensation claims of domestic servants. The reason that the company was held liable in that case was because of the use of the words which have now been eliminated. The court held that "Professor Corbin's `reasonable and disinterested third party,'" (and therefore the insured) had the right to understand those words "to mean that defendant meant to take the special class `residence employees' out of the general class `any employee' * * * and therefore, although workmen's compensation claims by employees generally * * * [were] not covered by the policy, workmen's compensation claims of residence employees * * * [were] covered. * * *" (Gunther, 33 N.J. Super., at pp. 104-105, 113-114; cf. Rodes, "Insurance," supra, at pp. 232-234, 236-239.) In Gunther, court and counsel agreed that if the words which have since been eliminated did not appear, there would be no such coverage (33 N.J. Super., at p. 114). Therefore, since those words have been taken out, there remains no basis upon which the insured may validly argue that the language of the policy covers such claims. As was pointed out in Gunther, 33 N.J. Super., at p. 110, this form was prepared for use in most, and perhaps all, of the states, and the emphasized words of the exclusion were drafted by the underwriters out of excess of caution, for use in those states in which domestic servants are not covered by the workmen's compensation act unless the employer indicates his election to place them under the act by obtaining a workmen's compensation policy.
Plaintiff attempted to prove that defendant was estopped to deny coverage. That proof was predicated upon dealings and conversations with Frenkel & Company, Inc. (Frenkel), *114 allegedly defendant's agent. Frenkel had not countersigned the policy. Plaintiff called no witnesses to prove Frenkel's agency, but offered the following interrogatory and answer:
"* * * state what the relationship of Frenkel & Company was to the defendant in 1957 and particularly in May of 1957.
Answer: Frenkel & Company was authorized agent of the defendant."
However, before the pretrial defendant had served upon plaintiff an amended answer to that interrogatory, saying "Frenkel & Company, Inc. is not an agent of the defendant, but a general insurance broker." In the pretrial order, dated February 24, 1960, defendant contended that it "issued the policy ordered by the broker, Frenkel & Company, Inc., and that these brokers are not the general agents" of defendant.
The trial took place in May 1960. It does not appear that plaintiff at any time took any step with reference to the amended answer to the interrogatory. No effort was made to take any depositions, or to propound further interrogatories on the question of agency, or otherwise challenge the amendment. Under these circumstances, the trial court refused to admit the original answer to the interrogatory as an admission of agency. Since no other proof of agency was introduced, the trial court excluded testimony of dealings and conversations with Frenkel.
Plaintiff contends that this was error; that the original answer should have been received as prima facie proof of agency, the argument being that the rules do not provide for such an amendment. R.R. 4:23-12, says plaintiff, allows the amendment of answers to interrogatories only to litigants who "shall obtain information subsequent to the pretrial conference which renders such answers incomplete."
That is not so. Branch v. Emery Transportation Co., 53 N.J. Super. 367 (App. Div. 1958). "The design of the rules is the facilitation of business and the advancement of justice, to the end that causes will be determined *115 on the merits." (Branch, 53 N.J. Super., at p. 375) The contention made by plaintiff here is contrary to that design. Litigation is not children's play, where "touch black, never get it back." In answer to interrogatories a party frequently must state matters not within his personal knowledge. 2 Schnitzer & Wildstein, N.J. Rules Service, A IV  633-634. A corollary to that is the litigant's right to correct his answers when he finds them incomplete or untrue. "The polestar which should guide the trial court in the exercise in his discretion" whether to allow or to recognize such an amendment or correction "is the just and expeditious disposition of the litigation on its merits." A superseded answer does not necessarily lose all utility. For example, it may be used in cross-examination, under proper circumstances; but where, as here, the amendment was made long before trial, without objection, the court properly ruled that the original answer could no longer be used as an admission.
Since there was no other proof of Frenkel's agency, the proffered evidence of negotiations and conversations with Frenkel was properly rejected.
Plaintiff contends that defendant is estopped from denying coverage because the policy sued upon was a renewal of an earlier policy identical with the one in the Gunther case, the argument being that it was defendant's duty to notify plaintiff that the renewal policy was not exactly like the earlier one. However, there is no evidence that there ever were any dealings directly between plaintiff and the defendant. The policies were delivered by defendant to Frenkel, and there is nothing to indicate that Frenkel ever thought either one covered any workmen's compensation claims, or that it was not aware of the change in the renewal policy. Transcending that, we are not convinced that there was any duty upon the insurance company to give express warning to the broker or the insured of changes such as this. What the defendant sold and what the plaintiff purchased was a package called a "Comprehensive Personal Liability Policy." Like all policies, this policy contained numerous *116 warranties, covenants, provisos, conditions, exceptions and exclusions. If the company knows of the insured's reliance upon the continued existence of a particular clause, it may be its duty to notify the insured of the excision of that clause. Likewise, if a change is made in the policy which materially alters the character of the "package" which plaintiff purchased, or imperils or destroys its principal coverage, a similar duty may fall upon the insurance company. However, we need not decide those questions in the case before us, for here we have no such facts. In the case at bar, we conceive that the insurance company was at liberty to make the change which was made without being required to bring it to the attention of the insured by any notice beyond that contained in the language of the policy itself. Cf. Rodes, "Insurance," supra, at pp. 233-239.
The judgment is affirmed.