89 N.J. Super. 246 (1965)
214 A.2d 533
HARVARD G. GORDON, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
NEW HAMPSHIRE INSURANCE COMPANY, A FOREIGN CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 18, 1965.
Decided November 12, 1965.
*248 Before Judges SULLIVAN, LEWIS and KOLOVSKY.
Mr. George J. Kenny argued the cause for appellant and cross-respondent (Messrs. Pindar, McElroy, Connell and Foley, attorneys).
Mr. Edward M. Gurry argued the cause for respondent and cross-appellant (Messrs. Gurry & Conlan, attorneys).
The opinion of the court was delivered by SULLIVAN, S.J.A.D.
This appeal involves the construction of a homeowners' policy  comprehensive form, the issues being whether a workmen's compensation claim by a domestic employee of the insured is covered by the comprehensive personal liability provisions of the policy (Coverage E), and whether the medical expenses of the injured employee arising out of her work-connected injuries are payable under the medical payments provisions thereof (Coverage F).
The undisputed facts are that on September 1, 1963 defendant insurance company issued a homeowners policy  comprehensive form to plaintiff covering premises in Millburn Township, Essex County, New Jersey. During the term of the policy a domestic employee of plaintiff allegedly suffered bodily injury while on the insured premises and incurred medical expenses for which she filed a workmen's compensation claim against plaintiff. A timely demand was made upon defendant by plaintiff to defend said claim and to pay any award made. However, defendant refused to undertake the defense of the claim or pay any award on the ground that its policy did not afford coverage. Plaintiff thereupon filed suit *249 for a declaratory judgment construing the policy. On cross-motions for summary judgment, the trial court ruled that the policy did not afford coverage of the employee's workmen's compensation claim and that defendant insurance company was not obligated to defend or indemnify plaintiff in such matter. However, the trial court also held that the policy afforded coverage for the medical expenses of the injured employee resulting from the work-connected accident and incurred within one year from the date of the accident, and required defendant to reimburse plaintiff for all such expenses. Plaintiff has appealed from that part of the judgment which held that the policy did not afford coverage of the injured employee's compensation claim. Defendant has cross-appealed from that part of the judgment which held that the policy afforded coverage under the medical payments clause for expenses incurred by the injured employee within one year from the date of the accident.
Proper consideration of the appeal requires that the provisions of the policy be examined.
Section I of the policy relates generally to property coverage and is not here involved.
Section II provides for coverage of personal liability of the insured (Coverage E), and coverage of medical payments (Coverage F). (Coverage G is not here involved.)
The pertinent language of the relevant coverage clauses is as follows:
"1. COVERAGE E  COMPREHENSIVE PERSONAL LIABILITY:
(a) Liability: To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the company shall defend any suit against the Insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient.
(b) * * * * * * *
2. COVERAGE F  MEDICAL PAYMENTS: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic *250 devices, and necessary ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury caused by accident,
(a) while on the premises with the permission of an Insured, or
(b) while elsewhere if such bodily injury, (1) arises out of the premises or a condition in the ways immediately adjoining, (2) is caused by the activities of an Insured, (3) is caused by the activities of or is sustained by a residence employee and arises out of and in the course of his employment by an Insured, or (4) is caused by an animal owned by or in the care of an Insured."
Section II also contains "SPECIAL EXCLUSIONS" as follows:
"Section II of this Policy Does Not Apply:

* * * * * * * *
(d) under Coverages E and F, to bodily injury to any person (1) if the Insured has in effect on the date of the occurrence a policy providing workmen's compensation or occupational disease benefits therefor, or (2) if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation or occupational disease law, but this subdivision (2) does not apply with respect to Coverage E unless such benefits are payable or required to be provided by the Insured; * * *."
We consider first the question of coverage under (E), supra. Assuming that a workmen's compensation claim in this State would ordinarily fall within the broad provisions of Coverage E, such claim is specifically excluded under "SPECIAL EXCLUSIONS" (d)(2).
In this State, although a householder is not required by law to carry workmen's compensation insurance on domestic employees, such employees are covered by our Workmen's Compensation Act and are entitled under the act to compensation benefits from their employer for work-connected injuries. Therefore, in the instant case, plaintiff is required by law to provide benefits to his injured domestic employee for her work-connected injuries and the matter falls directly within the exclusion of (d)(2), supra, that "Section II of this Policy Does Not Apply: * * * (d) under Coverages E and F, to bodily injury to any person * * * (2) if benefits therefor are in whole or in part either payable or required to *251 be provided under any workmen's compensation or occupational disease law, * * *." The language immediately following the exclusion just quoted to the effect that "this subdivision (2) does not apply with respect to Coverage E unless such benefits are payable or required to be provided by the Insured" does not afford plaintiff any relief. Rather, it applies to a situation where a person employed by someone other than the insured, such as a parcel post delivery man, is injured on the insured's premises. In such case, the injured person would be entitled to workmen's compensation benefits for his injuries from his employer but also would have a common law action against the insured. If the exclusion in (d)(2) were not limited by the clause quoted above, the insured would not be covered under the policy against the common law claim of the injured delivery man.
Plaintiff argues that the language of exclusion (d)(2) is not clear, so that the question of construction thereof should be resolved in favor of the insured under the holding in Gunther v. Metropolitan Casualty Insurance Company, 33 N.J. Super. 101 (Law Div. 1954). In Gunther it was held that a homeowner's comprehensive liability policy did provide coverage of a workmen's compensation claim by a domestic employee because the language of exclusion (d) dealing with workmen's compensation claims appeared to exempt a residence employee from the exclusion, unless the insured carried workmen's compensation insurance covering such employee.
After the Gunther case was decided, and as noted in Bauman v. Royal Indem. Co., 66 N.J. Super. 110, 112 (App. Div. 1961), reversed on other grounds 36 N.J. 12, 91 A.L.R.2d 535 (1961), the National Bureau of Casualty and Surety Underwriters rewrote exclusion (d) so as to change the phraseology on which Gunther was bottomed. The exclusionary clause in the policy in question is of the latter type and explicitly excludes coverage of a workmen's compensation claim in this State by an employee of the insured.
Turning to the medical payments clause (Coverage F), it is not disputed that the broad provisions thereof, without *252 more, would include the medical expenses of a domestic servant injured on the premises. However, our Workmen's Compensation Act makes an employer liable for the medical expenses of his domestic employee injured in a work-connected accident. Therefore, the language of exclusion (d)(2), supra, which specifically applies to the medical payments clause (Coverage F), controls. Indeed, consideration of the exclusions clause discloses an intention to differentiate between Coverage E and Coverage F to the extent that the exclusion applies to Coverage E only if workmen's compensation benefits are payable by the insured. Conversely, the exclusion applies to Coverage F if workmen's compensation benefits are payable to the injured person, whether by the insured or any one else.
The reason for the differentiation is clear. The medical payments clause (Coverage F) is not designed to protect the insured against liability for such payments, but rather to insure payment of the injured person's medical expenses irrespective of the insured's liability. However, if as here, the injured person is entitled to payments of his medical expenses under the Workmen's Compensation Law, he does not need the protection of Coverage F.
Nor does the reference to a residence employee in several parts of the policy indicate that this class of employee is exempted from the provisions of exclusion (d)(2). The policy in question is a standard form used generally by defendant. It is clear that these references apply to jurisdictions where a residence employee is not covered by workmen's compensation law. New Jersey is one of the few states affording workmen's compensation coverage to such employee. 2 Larson, The Law of Workmen's Compensation (1961), pp. 514-515.
We affirm the trial court's ruling that Coverage E of the policy did not extend coverage to the workmen's compensation claim asserted by plaintiff's domestic employee. We reverse the trial court's ruling that under Coverage F of the policy defendant is required to reimburse plaintiff for the medical expenses of the domestic employee arising out of her *253 workmen's compensation accident and incurred within one year from the date of said accident.
The matter is remanded for entry of judgment in favor of defendant as aforesaid. No costs.