235 So.2d 768 (1970)
Bertha M. MAXWELL, Appellant,
v.
SOUTHERN AMERICAN FIRE INSURANCE COMPANY, Appellee.
No. 69-871.
District Court of Appeal of Florida, Third District.
May 26, 1970.
Rehearing Denied June 18, 1970.
*769 Oscar C. Edrington, Miami, for appellant.
Spellman & Hartnett, Miami, for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
SWANN, Judge.
Plaintiff, Bertha M. Maxwell, sued Southern American Fire Insurance Company for damages and alleged it had issued a homeowner's insurance policy to its insured, John Presley.
The policy in Section II of the insuring agreements under Coverage F, Personal Medical Payments provided generally that the company agreed with the insured to pay all reasonable expenses incurred within one year from the date of accident for necessary medical, * * * services * * * to or for each person who sustains bodily injury caused by accident. (Emphasis added) This applied "while on the premises" or "while elsewhere if such bodily injury * * * is caused by the activities of an insured."
Under definitions of the General Conditions of the policy it provided:
"(a) Insured  The unqualified word `Insured' includes (1) the Named Insured and (2) if residents of his household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of an insured."
Plaintiff alleged that while the policy was in effect John's daughter, Elizabeth, was riding a bicycle on a sidewalk and collided with and injured the plaintiff causing her to incur medical expenses for treatment of the resulting injuries. Plaintiff alleged that she filed a claim with the company which was denied.
Defendant's motion to dismiss the complaint was denied and ultimately, it filed an answer. After some legal skirmishing both parties moved for a summary judgment. The defendant filed an affidavit that its insured, John Presley, at no time submitted any medical bills to it under the policy and that Presley had denied any responsibility and instructed the insurance company to make no payments to the plaintiff. The trial court entered summary final judgment for the insurance company and plaintiff has appealed.
The summary final judgment for the insurance company did not recite any specific grounds but apparently was based on the claims of the company that there was no privity of contract between plaintiff and the insurance company; that there was no intent between the parties to the insurance contract to provide plaintiff with any rights as a third party and that suits directly against insurance carriers by third party claimants were prohibited in Florida.
Plaintiff argued below and on appeal that she is a third party beneficiary under the pertinent terms of the homeowner's insurance contract and that she has a right of direct action solely against the company to attempt to recover for her medical expenses under the medical pay coverage portion of the insurance policy it had issued to John Presley.
There has recently been a substantial change in this area of law insofar as it relates to liability insurance companies.
In Shingleton v. Bussey, Fla. 1969, 223 So.2d 713, the Supreme Court in an opinion by Chief Justice Ervin held:
"1. In an action for damages from the alleged negligent operation of insured automobile by insured owner, the plaintiff, *770 as a third-party beneficiary of the motor vehicle liability policy, has a direct cause of action against the insurer and may join the insurer as a party defendant along with the insured; * * *." (Emphasis added.)
In Beta Eta House Corporation v. Gregory, Fla.App. 1970, 230 So.2d 495, Judge Wigginton discussed the principles enunciated in Bussey, supra, and the court held they were applicable to all types of liability insurance and that a premises liability insurer could be joined as a proper party defendant in an action brought by an injured party against its insured for damages proximately caused by the negligence of its insured.
The distinction between those cases and this case is that plaintiff here is not attempting to recover for the alleged negligence of the insured under the liability portion of the policy but is attempting a direct action solely against the insurer as a third party beneficiary under the contract provisions of the medical coverage portion of the insurance policy.
In actions involving liability insurance policies it has been held that the medical payment coverage provision is separate and independent coverage from the bodily injury liability coverage. See Government Employees Insurance Company v. Sweet, Fla.App. 1966, 186 So.2d 95; Sims v. National Casualty Company, Fla.App. 1965, 171 So.2d 399; Gordon v. New Hampshire Ins. Co., 89 N.J. Super. 246, 214 A.2d 533 (1965); Severson v. Milwaukee Auto Ins. Co., 265 Wis. 488, 61 N.W.2d 872, 42 A.L.R. 2d 976 (1953); 8 Appleman, Insurance Law and Practice § 4896; and 13 Couch on Insurance 2d, § 48.71.
In other states similar medical clauses in automobile liability insurance policies have been construed to be for the benefit of third parties enabling them to bring actions against the insurer for recovery under the medical pay coverage provisions contained in the liability policies. See Severson, supra; Nagy v. Lumbermens Mutual Casualty Company, 100 R.I. 734, 219 A.2d 396 (1966); and Annot., 42 A.L.R.2d 983.
Third party beneficiary suits on contracts are permissible in Florida. Michel v. American Fire & Casualty Co., 82 F.2d 583 (5th Cir.1936); Auto Mut. Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852 (1938); American Surety Co. of New York v. Smith, 100 Fla. 1012, 130 So. 440 (1930); Di Camillo v. Westinghouse Electric Corporation, Fla.App. 1960, 122 So.2d 499. The question here is, may such action be maintained directly by a third party beneficiary without joinder of the insured?
A direct action by a third party beneficiary against the promisor without joinder of the promisee has been permitted in various circumstances and cases. Fidelity & Casualty Co. of New York v. Plumbing Department Store, Inc., 117 Fla. 119, 157 So. 506 (1934); American Surety Co. of New York v. Smith, supra; Eidson v. Hardware Mut. Casualty Co., 191 Tenn. 430, 234 S.W.2d 836 (1950); and Severson, supra. See also Restatement of Contracts § 136, comment d at p. 160.
Similar suits have been brought in Florida but this specific point does not appear to have been raised or argued by the insurance companies. See Boston Manufacturers Mutual Insurance Company v. Fornalski, Fla.App. 1970, 234 So.2d 386, 4th D.C.A., filed April 10, 1970 and American Fire & Casualty Company v. Blanton, Fla.App. 1966, 182 So.2d 36.
If an injured party is now a third party beneficiary who may sue the insured and insurer jointly under a liability insurance policy, we see no logical reason why an insured party may not bring a direct action as a third party beneficiary against the insurer in an attempt to recover under the contract provisions of the medical payment coverage portion of this homeowner's insurance policy. See 7 Fla.Jur. Contracts § 98-101 and Rule 1.210(a), "R.C.P.", 30 F.S.A.
*771 We, therefore, hold that an injured party may be and plaintiff is here, a third party beneficiary under the medical payment coverage provisions of this homeowner's insurance policy and may under proper and sufficient pleadings sue the insurer solely and directly in an attempt to recover for injuries allegedly caused and medical payments allegedly incurred as a result of an accident with an insured as defined in the policy. The final summary judgment is reversed and remanded for further action consistent herewith.
It is so ordered.