**Kim Ellen DESMOND, Appellant,**

**v.**

**AMERICAN INSURANCE COMPANY, Respondent.**

**No. WD 42082.**

Missouri Court of Appeals, Western District.

Dec. 26, 1989.

As Modified March 22, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 27, 1990.

Ross S. Myers, Raymore, for appellant.

Randa Rawlins, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and KENNEDY and GAITAN, JJ.

GAITAN, Judge.

This appeal involves the question of whether the trial court properly dismissed the petition of plaintiff/appellant, Kim Desmond, for failure to state a claim. We reverse and remand.

---

Dickinson, Inc. (hereinafter referred to as "Dickinson") owns Plaza Theaters which is located at 4701 Wyandotte, Kansas City, Jackson County, Missouri. Respondent, American Insurance Company (hereinafter referred to as "American"), issued an insurance policy to Dickinson which provided for the payment by American of reasonable medical expense benefits to individuals who were injured on the premises of the Plaza Theaters. This policy was in effect at all times relevant herein.

On October 25, 1986, Kim Desmond was present on the premises of the Plaza Theaters. While walking between two rows of seats in the theater, appellant alleged that she slipped and fell. She claimed injuries as a result of this fall and alleged that she incurred $3,170.14 in medical expenses. Appellant, through her attorney, later made a demand upon American to pay her medical bills under the medical payments coverage provided to Dickinson through the American policy. American paid appellant $2,394.14 for the medical expenses that it deemed reasonable and necessary.

Appellant filed a direct action against American to obtain the additional $786 in medical expenses claimed, alleging the right to recover under a contract theory. The trial judge granted American's Motion to Dismiss appellant's direct action for failure to state a cause of action.

Traditionally, Missouri courts have held that a claimant is not a third party beneficiary under a contract of liability insurance between the alleged tortfeasor and the insurer. *State Farm Mutual Auto. Ins. Co. v. Allen*, 744 S.W.2d 782 (Mo. banc 1988). The claimant's recourse is a garnishment process directed against the insurer when and if it obtains judgment against the alleged tortfeasor. *Id.* at 785–86.

■ The general rule is that an injured party cannot proceed in a direct action against an insurance company providing liability coverage for an insured who allegedly caused the harm sustained by the claimant. Keeton and Widiss, *Insurance Law*, § 9.9(c) (1988). *E.g.*, *Stewart v. State Farm Insurance Company*, 454 So.2d 513, 515 (Ala.1984). The injured party normally is required to bring an action against the alleged tortfeasor to establish liability. The requirement is based on the premise that the right of the injured party rests upon the liability of the insured. *Kohlmeier v. Shelter Ins. Co.*, 170 Ill.App.3d 643, 121 Ill.Dec. 288, 295, 525 N.E.2d 94, 101 (Ill.App.Ct.1988).

If a liability insurance policy confers a direct remedy upon an insured, some courts have viewed such policies as being for the benefit of third parties; thus the third party may directly sue the insurer. *See, Flattery v. Gregory*, 397 Mass. 143, 489 N.E.2d 1257, 1260–61 (Mass.1986) (Injured highway travelers are third party beneficiaries of automobile liability insurance); *Shingleton v. Bussey*, 223 So.2d 713, 715 (Fla.1969) (direct cause of action inures to third party beneficiary against insurer in motor vehicle liability insurance coverage as matter of public policy); *Evans v. Grange Mut. Cas. Co.*, 12 Ohio Misc. 108, 230 N.E.2d 751, 753 (Ohio 1964) (liability insurance policy is actually contract for direct benefit of third-party who has been aggrieved as well as protection for negligent party). Such decisions appear to reach their conclusions by either finding that the insurance contract was for the direct benefit of the injured party as a third party beneficiary, or that under a public policy doctrine, the injured party was a member of a class protected by the policy.

Some courts have flatly stated that injured persons are not third party beneficiaries of liability insurance contracts. Appleman, *Insurance Law and Practice*, § 4811 (1981) (Supp.1989); *see also, Roberts v. Sparks*, 99 N.M. 152, 655 P.2d 539, 541 (N.M.Ct.App.1982) (absent contractual or statutory authority, injured party precluded from bringing a direct action); *White v. Goodwill Mut. Cas. Co.*, 226 Kan. 191, 596 P.2d 1229, 1233 (1979) (right must be conferred statutorily); *Allen v. Pomroy*, 277 A.2d 727, 731 (Me.1971).

Other states, such as Louisiana, Wisconsin, and Rhode Island, have statutorily provided for direct actions against insurers. *See* La.Rev.Stat.Ann. § 22.655 (West 1978 & Supp.1989) (direct action if insured bank-

rupt or insolvent); Wis.Stat.Ann. § 632.24 (West 1980) (direct action available in negligence actions); and R.I.Gen.Laws § 27–7–2 (West 1979 & Supp.1989) (death or unavailability of insured). *See also, Shockley v. Sallows,* 615 F.2d 233, 238 (5th Cir.1980), *cert. denied,* 449 U.S. 838, 101 S.Ct. 113, 66 L.Ed.2d 44 (1980); *Chalou v. LaPierre,* 443 A.2d 1241 (R.I.1982).

An issue which many courts have distinguished from general third party beneficiary rights to liability coverage is medical payment provisions. These medical payment clauses are similar to accident insurance coverage and may be considered separate from the rest of the policy. The insurer's liability for payment is not dependent on the negligence of the insured. Rather, under such a provision, the insurer is directly liable to the injured party. *See,* Couch, *Cyclopedia of Insurance Law,* § 48:74 (1982); Appleman, *Insurance Law and Practice,* § 4902 (1981); Annotation, *Liability Policy—Medical Expenses,* 42 ALR 2d 983, 985. *See also, Morin v. Massachusetts Blue Cross, Inc.,* 365 Mass. 379, 311 N.E.2d 914, 919–20 (Mass.1974); *Foundation Reserve Insurance Co. Inc. v. Cody,* 458 S.W.2d 214, 217 (Tex.Ct.App. 1970); *Gordon v. N.H. Ins. Co.,* 89 N.J.Super. 246, 214 A.2d 533, 537 (N.J.Super.Ct. App.Div.1965).

In *Maxwell v. Southern American Fire Insurance Co.,* 235 So.2d 768, 770 (Fla. Dist.Ct.App.1970), a pedestrian was struck by a bicycle ridden by the daughter of an individual insured under a homeowner policy. The plaintiff/pedestrian brought a direct action against the insured to recover medical expenses under the medical payment provision of the policy. The trial court granted summary judgment for the insurer, finding that the insured instructed the insurance company not to make payment. On appeal, the appellate court found that the injured party was a third party beneficiary under the medical payment coverage provision and therefore entitled to sue the insurer directly to recover medical expenses incurred because of the accident. A subsequent Florida case, *Kephart v. Pickens,* 271 So.2d 163, 164–165 (Fla.Dist.Ct.App.1972), *cert. denied,* 276

So.2d 168 (Fla.1973) distinguished *Maxwell* in that the decision only allowed a direct action by the injured party for medical coverage under the contract provisions of the policy. There was no attempt at recovery for negligence under the liability portion of the policy.

In a case before the Supreme Court of Virginia, *Moorman v. Nationwide Mutual Insurance Co.,* 207 Va. 244, 148 S.E.2d 874 (Va.1966), a passenger in an automobile involved in an accident brought an action against the automobile owner's insurance company for payment of medical expenses. While the court did not specifically address the injured party's right to bring a direct action, it held that the plaintiff could recover medical expenses under the medical payment coverage provision regardless of any other recovery under other coverages within the policy. *Id.* 148 S.E.2d at 877–78.

The Supreme Court of South Carolina allowed a minor child of an insured to bring an action to recover medical expenses under a medical payment provision of an automobile liability insurance policy. The court noted that the contract was one of insurance for the benefit of a third person. *Blanton v. Nationwide Mutual Insurance Co.,* 247 S.C. 148, 146 S.E.2d 156, 157 (S.C. 1966).

In *Nagy v. Lumbermens Mut. Casualty Co.,* 100 R.I. 734, 219 A.2d 396 (R.I.1966), the issue of standing to sue was not argued. However the Supreme Court of Rhode Island held that medical payment clauses are separate and distinct third party beneficiary health insurance contracts. *Id.* 219 A.2d at 398.

■ A review of the Comprehensive General Liability Insurance Policy issued to Dickinson by American indicates that American chose to have embodied two types of coverage in one policy; one to indemnify the insured for liability and one which is analogous to an accident insurance policy. Provision 3 of the Commercial Coverage, Policy Amendment, entitled Premises Medical Payments Coverage, provides that "[t]he company will pay to or for each person who sustains bodily injury caused

by accident all reasonable medical expense incurred within one year from the date of the accident on account of such bodily injury...." Under a subsection of Provision 3 entitled Additional Condition, the policy states that "[t]he company may pay the injured person or any person or organization rendering the services...." Thus it appears that coverage under Provision 3 is a distinct and separate coverage for the benefit of the injured party regardless of the negligence of the insured.

A plain reading of the policy confirms that the medical payment coverage provision was intended for the benefit of third parties injured on the premises. Payment was to be made to the injured party, making such a person a direct rather than an incidental beneficiary of the policy. *See, Kansas City Life v. Rainey,* 353 Mo. 477, 182 S.W.2d 624, 626 (Mo.1944) (a policy payable to a third person is a contract for the benefit of the third person). As the medical payment provision and liability provisions of the policy are distinct and separate coverages, a claim can arise under each coverage. In this case, American's obligation to appellant was direct and thus the appellant has direct legal recourse against American.

Missouri has recognized that a third party beneficiary, who is not privy to a contract but for whose benefit the contracting parties intended to make the contract, may maintain a cause of action for its breach. *FDIC v. G. III Investment LTD.,* 761 S.W.2d 201, 204 (Mo.App.1988). Intention is gleaned from the contract itself. "The necessary intent is not simply a desire to advance the interests of another 'but rather an intent that the promisor assume a direct obligation to him.'" *Volume Services, Inc. v. C.F. Murphy & Assoc.,* 656 S.W.2d 785, 794 (Mo.App.1983), *citing, Stephens v. Great Southern Sav. and Loan Ass'n,* 421 S.W.2d 332, 335 (Mo.App.1967). The third party need not be named but the contract terms must clearly express an intent either to benefit that party or an identifiable class of which the party is a member. *Volume Services, Inc. v. C.F. Murphy & Assoc.,* 656 S.W.2d at 795.

The interpretation that medical payment coverage is a distinct and separate provision under a liability policy is analogous to the one made by this Court in *Webb v. State Farm Mutual Automobile Insurance Co.,* 479 S.W.2d 148, 154 (Mo.App. 1972) where this Court stated:

> As to the medical payments coverage, the insurer is not in the position of a tortfeasor, but is called upon to honor a constructual [sic] obligation which arises without regard to fault.

*See also, Wegeng v. Flowers,* 753 S.W.2d 306, 309 (Mo.App.1988); *cf., Consumer's Money Ord. Corp v. New Hampshire Ins. Co.,* 386 S.W.2d 674, 677 (Mo.App.1964) (a policy of insurance purporting to be entire may be divisible and severable where it covers several different kinds of risks); *Western Casualty & Surety Co. v. Beshore,* 215 Kan. 467, 524 P.2d 208, 210 (Kan.1974) (medical payment coverage provision is a separate and divisible contract of insurance); *Johnson v. New Jersey Manufacturers Indemnity Insurance Co.,* 69 N.J.Super. 184, 174 A.2d 4, 8 (N.J.Ct.App. Div.1961) (medical payment clauses are generally held to constitute separate insurance coverage and give rise to a separate cause of action). Further, the interpretation that a direct third party beneficiary may bring a direct action against an insurer under a medical payment coverage provision is not in contradiction to the Missouri Supreme Court's holding in *State Farm Mut. Auto Ins. Co. v. Allen,* 744 S.W.2d at 785, for such an action is based on contract rather than tort; the rights of the third party beneficiary do not arise through the negligence of the insured but rather are his own rights based on a contractual obligation by the insurer. The appellant, in this case, is a direct rather than incidental beneficiary. *See State ex rel. William Ranni Associates v. Honorable James R. Hartenbach,* 742 S.W.2d 134, 140–41 (Mo. banc 1987).

As a practical matter, the insurer did comply with the provisions of its coverage (its contractual obligation). The question left unanswered in this lawsuit is whether the payment was reasonable. This issue must be resolved by reversing and remand-

ing this matter for a hearing on the reasonableness of the medical expenses paid by American.

■ We do not believe the facts of this case support appellant's proposition that American should be required to pay a penalty for vexatious refusal to pay pursuant to § 375.420 RSMo. 1975. While American's payment to appellant was under the theory that it was a direct payment by its insured rather than a payment to a third party beneficiary, it was a good faith payment for medical expenses nonetheless. It was payment American believed to be reasonable. Appellant cannot show prejudice because payment was made on the theory of payment made in the name of its insured rather than under a third party beneficiary theory. See *Brown v. State Farm Mutual Automobile Insurance Co.*, 776 S.W.2d 384–88, 389 (Mo. banc 1989). Additionally, the law in Missouri until this time was unclear both as to direct payment under a premises medical payment coverage provision of an insurance policy, or whether a third party beneficiary even had standing to assert a vexatious refusal claim pursuant to section 375.420 RSMo. 1975 under these circumstances. The latter issue is not reached here because payment was made and not withheld. The question presented here is the reasonableness of that payment. That issue will be determined on remand.

This matter is reversed and remanded for trial in accordance with the directive of this opinion.

All concur.