

# Missouri Court of Appeals

### Southern District

### Division Two

TERRY BLANKENSHIP,                                      )
                                                       )
    Plaintiff-Appellant,                               )
                                                       )
v.                                                     )    No. SD34312
                                                       )
OLD MISSOURI MUTUAL INSURANCE )    Filed:  December 15, 2016
COMPANY, f/k/a NIXA FARMERS          )
MUTUAL INSURANCE COMPANY,      )
                                                       )
    Defendant-Respondent.                          )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier, Circuit Judge

## REVERSED AND REMANDED

This is a case concerning the standing of a non-policy holder to bring suit directly against an insurance company.  Old Missouri Mutual Insurance Company ("Respondent") issued a policy of insurance ("policy") to Ronald and Sharlene Blankenship with various coverages.  In a section titled "Farm Personal Liability Coverage," the policy provided coverage for liability ("Coverage L") and for "necessary medical expenses," or med pay ("Coverage M").  Under Coverage L, Respondent promised to "pay, up to our limit, all sums for which an insured is liable by law because of bodily injury or property damage caused by an occurrence to which this coverage applies[,]" and to "defend a suit seeking damages . . . ."  The long-standing rule in Missouri is that an injured tort claimant is not a third-party

1

beneficiary of the alleged tortfeasor's policy of liability insurance under which the insurer's obligation to pay is triggered only after the tortfeasor's liability to the tort claimant is established by settlement or judgment. *Desmond v. American Ins. Co.*, 786 S.W.2d 144, 145-46 (Mo.App. W.D. 1989); *Shelter Mutual Ins. Co. v. Bedell*, 459 S.W.3d 524, 527 (Mo.App. S.D. 2015). In these circumstances, the tort claimant's remedy is to obtain a settlement or judgment against the alleged tortfeasor and then, if necessary, collect the settlement or judgment from the insurer through a garnishment proceeding. *Desmond*, 786 S.W.2d at 145.

Under Coverage M, Respondent promised to "pay the necessary medical expenses if they are incurred or medically determined within three years from the date of an accident causing covered bodily injury[,]" and the coverage "applies only to . . . a person on the insured premises with the permission of an insured . . . ." Where the policy of liability insurance contains separate coverage for the medical expenses of an injured party that is payable to the injured party without regard to an insured's liability in tort for the injured party's injuries, the injured party is a third-party beneficiary of the separate coverage and can recover medical expenses to the extent of the separate coverage in a direct action against the insurer based on contract. *Desmond*, 786 S.W.2d at 146-48.

The limits of liability were listed as $300,000 for L and $1,000 per person for M. Under exclusions in that same section, the policy states:

> Farm Personal Liability Coverage does not apply to bodily injury . . . which results directly or indirectly from . . . the . . . maintenance [or] use . . . of motorized vehicles . . . owned or operated by . . . an insured . . .; [or] [b]odily injury to a farm employee of an insured if it occurs in the course of employment . . . .

2

The definition of "motorized vehicle" in this section of the policy appears to include a farm tractor.

Respondent subsequently issued an endorsement to the policy. That endorsement reads, "This endorsement changes the Farm Personal Liability Coverage provided by this policy[.] PLEASE READ THIS CAREFULLY[.]" In the same endorsement, Respondent combined the changes to Coverages L and M. The endorsement provided, "Coverages L and M are extended to apply to bodily injury to a farm employee while performing duties in connection with the farming operations of an Insured." An exclusion in the endorsement stated, "[c]overage under this endorsement does not apply to liability for bodily injury excluded under the Farm Personal Liability Coverage and not specifically covered under this endorsement." A condition in the endorsement stated "[t]his coverage is subject to the terms of the Farm Personal Liability Coverage and does not increase the limits stated therein." The limits of liability on the declarations page also combined Coverages L and M in a single line, "$300,000 Farm Employee Liability & Med Pay" with a separate premium.

An injured farm worker ("Appellant") brought suit under the endorsement to recover "medical expenses" and damages. Appellant did not allege that an insured under the policy was liable for his injuries or that he had obtained a judgment or settlement that determined an insured was liable for his injuries. Respondent sought summary judgment on the basis that Appellant did not have standing to pursue his action directly against Respondent. The trial court granted judgment on that basis. We find Appellant had standing and, thus, must reverse and remand to the trial court for further consideration of Appellant's claim.

"Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Rule 74.04(c); *ITT*

3

*Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 381–82 (Mo.

banc 1993)." ***Bedell***, 459 S.W.3d at 526. Further,

> [w]hether to grant summary judgment is an issue of law that this Court determines *de novo*. *American Std. Ins. Co. v. Hargrave*, 34 S.W.3d 88, 89 (Mo. banc 2000). The interpretation of an insurance policy is a question of law that this Court also determines *de novo*. *Martin v. United States Fid. & Guar. Co.*, 996 S.W.2d 506, 508 (Mo. banc 1999); *McCormack Baron Mgt. Servs., Inc. v. American Guarantee & Liab. Ins. Co.*, 989 S.W.2d 168, 171 (Mo. banc 1999).

***Seeck v. Geico General Ins. Co.***, 212 S.W.3d 129, 132 (Mo. banc 2007).

> As the Supreme Court explained in ***Seeck***:
>
> In construing the terms of an insurance policy, this Court applies "the meaning which would be attached by an ordinary person of average understanding if purchasing insurance," *id*., and resolves ambiguities in favor of the insured. *Martin*, 996 S.W.2d at 508.
> . . . "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." *Gulf Ins. Co. v. Noble Broadcast*, 936 S.W.2d 810, 814 (Mo. banc 1997). Absent an ambiguity, an insurance policy must be enforced according to its terms. *Rodriguez v. General Accident Ins. Co.*, 808 S.W.2d 379, 382 (Mo. banc 1991). If, however, "policy language is ambiguous, it must be construed against the insurer." *Gulf Ins. Co.*, 936 S.W.2d at 814.
>
> . . . .
>
> "[i]f a contract promises something at one point and takes it away at another, there is an ambiguity."[1] [internal citation omitted]

***Seeck***, 212 S.W.3d at 132-33.

---

[1] The Supreme Court subsequently clarified this language stating:

> Insurance policies customarily include definitions that limit words used in granting coverage as well as exclusions that exclude from coverage otherwise covered risks. While a broad grant of coverage in one provision that is taken away by a more limited grant in another may be contradictory and inconsistent, the use of definitions and exclusions is not necessarily contradictory or inconsistent. . . . Definitions, exclusions, conditions and endorsements are necessary provisions in insurance policies. If they are clear and unambiguous within the context of the policy as a whole, they are enforceable.

***Todd v. Missouri United School Ins. Council***, 223 S.W.3d 156, 162–63 (Mo. banc 2007).

In an action under the original policy, section L, it is clear that Appellant would not have standing to bring an action against the insurance company; however, in the original policy, section M, it is clear that Appellant is a third-party beneficiary and could bring the action against Respondent. The endorsement clearly adds Appellant to the class of people who are now covered under Endorsement L and M.[2] In its Second Amended Petition, Appellant incorporated each and every allegation of Count I into Count II. Count I directly addressed medical payments. Additionally, Count II speaks to the endorsement changing the coverage for L and M. The petition alleges: "Defendant Old Missouri has breached coverage L and M provisions of the above-referenced policy by failing to pay medical expenses and/or damages sustained by plaintiff while performing duties as a farm employee." Appellant has standing under the endorsement to bring this claim for "medical expenses and/or damages" under the policy.

We reverse and remand to the trial court for further proceedings consistent with this opinion.


Nancy Steffen Rahmeyer, J. - Opinion Author

Gary W. Lynch, P.J. - Concurs

William W. Francis, Jr., J. - Concurs

---

[2] We do not reach the question of what the policy language of the endorsement was intended to do. Likewise, we do not address any confusion as to the declaration page, where a single line listed $300,000 as "Farm Employee Liability [L] and Med Pay [M]" coverage. We address only the standing issue.

5