Missouri Court of Appeals
 Southern District
 Division Two

NANCY FISHER, )
 )
 Respondent, )
 )
 vs. )
 )
MARCUS FUSCO, )
 ) No. SD37132
 Respondent, )
 ) FILED: January 18, 2022
and )
 )
STATE FARM MUTUAL AUTO )
INSURANCE CO., )
 )
 Appellant. )

 APPEAL FROM THE CIRCUIT COURT OF HICKORY COUNTY

 Honorable Mark B. Pilley, Judge

DISMISSED

 State Farm Mutual Automobile Insurance Company (“State Farm”), which intervened in

the underlying tort action brought by Nancy Fisher (“Plaintiff”) against Marcus Fusco

(“Defendant”), appeals a Rule 74.01(b) “Judgment and Order” denying its motion seeking the

enforcement of a purported settlement agreement (“the motion to enforce”). 1 Because State

1
 All rule references are to Missouri Court Rules (2021).

 1
Farm was not aggrieved by the trial court’s ruling on the motion to enforce, we dismiss its appeal

for lack of standing.

 Factual and Procedural Background

 Plaintiff filed a petition for damages against Defendant, claiming that Defendant was

legally at fault for a motor vehicle collision (“the collision”) involving himself and Plaintiff. All

parties to this lawsuit generally agree that Defendant’s negligence was the sole and proximate

cause of the collision.

 Defendant, however, also asserted several affirmative defenses in his amended answer,

which included, in pertinent part, the following allegations:

 Plaintiff’s claim for an enforceable Judgment against Defendant for full recovery,
 as sought herein, is barred due to the doctrine of accord and satisfaction in that
 Plaintiff made an offer for settlement to limit recovery against Defendant on June
 29, 2018, which was timely accepted on September 13, 2018 by State Farm
 (Defendant’s insurer) on behalf of Defendant. The settlement agreement
 consisted of payment of the $50,000 each person/$100,000 each accident policy
 limits in exchange for resolution of all claims by Plaintiff against Defendant and
 such agreement must be enforced.

 State Farm, Defendant’s motor vehicle liability insurer, thereafter sought and was granted

intervention into the lawsuit “but only for the purpose of addressing the issue of the existence of

an enforceable settlement agreement between State Farm and the Plaintiff which would have

effectively settled Plaintiff’s injury claim against Defendant arising out of the facts alleged in

Plaintiff’s Petition.” Following its intervention, State Farm filed a pleading asserting, against

Plaintiff, the same accord and satisfaction affirmative defense based upon the same purported

settlement agreement as already had been pleaded by Defendant as well as counterclaims seeking

the declaration and specific performance of the terms of that settlement agreement. State Farm

then filed the motion to enforce, raising the same allegations as to the existence of a settlement

agreement.

 2
 Ultimately, the trial court issued its “Judgment and Order” denying the motion to enforce.

The trial court’s reasoning for this denial was that “the Court does not believe that the

correspondences exchanged by the parties constituted an enforceable agreement and that they

were at best an agreement to agree and would require further negotiations and documentation.”

Without reaching any of the other claims or defenses raised by the parties in their pleadings, the

trial court stated that “[t]he Court, in entering this Judgment, expressly determines that there is

no just reason for delay.”

 State Farm’s timely appeal followed.

 State Farm Lacks Standing to Appeal the Denial of the Motion to Enforce

 “In every case before considering claims raised on appeal, this Court has a duty to sua

sponte determine whether we have authority to decide the appeal.” Collector of Revenue of City

of St. Louis v. Parcels of Land Encumbered with Delinquent Tax Liens, 350 S.W.3d 840, 841

(Mo.App. 2011). “The right to appeal is purely statutory and, where a statute does not give a

right to appeal, no right exists.” Buemi v. Kerckhoff, 359 S.W.3d 16, 20 (Mo. banc 2011)

(internal quotation marks omitted). “If the appellate court lacks authority to hear an appeal, the

appeal must be dismissed.” Lopez v. Heartland Midwest, LLC, 602 S.W.3d 841, 844 (Mo.App.

2020).

 As applicable here, “[a]ny party to a suit aggrieved by any judgment of any trial court in

any civil cause . . . may . . . appeal . . . from any . . . [f]inal judgment in the case . . . .” Section

512.020(5). 2 Thus, “[t]o have a right to appeal under [section] 512.020, the appealing party must

be both a party to the action and ‘aggrieved’ by the particular judgment or order which it seeks to

challenge on appeal.” Knight by and Through Knight v. Knight, 609 S.W.3d 813, 818-19

2
 Unless otherwise indicated, all statutory references are to RSMo 2016.

 3
(Mo.App. 2020) (internal quotation marks omitted). Additionally, there “must be a judgment

(i.e., it must fully resolve at least one claim in a lawsuit and establish all the rights and liabilities

of the parties with respect to that claim)” and “it must be ‘final,’ either because it disposes of all

claims (or the last claim) in a lawsuit, or because it has been certified for immediate appeal

pursuant to Rule 74.01(b).” Wilson v. City of St. Louis, 600 S.W.3d 763, 771 (Mo. banc 2020).

 Here, at a minimum, State Farm fails to satisfy the “aggrieved” requirement under section

512.020. A right to intervene, assuming without deciding that State Farm had such a right in this

case, is not synonymous with being an aggrieved party. See Knight, 609 S.W.3d at 819 (“[I]t is

not enough that State Farm was allowed to intervene and became a party to the action; rather, it

must at the same time be aggrieved by the judgment it challenges.”). “For a party to be

‘aggrieved,’ the judgment must operate prejudicially and directly on the party’s personal or

property rights or interests, and such effect must be immediate, not merely a possible remote

consequence.” Bi-State Development Agency of Missouri-Illinois Metropolitan Dist. v. Ames

Realty Co., 258 S.W.3d 99, 104-105 (Mo.App. 2008) (citing Shelter Mut. Ins. Co. v. Briggs,

793 S.W.2d 862, 863 (Mo. banc 1990)). “A party cannot be said to be ‘aggrieved,’ unless error

has been committed against [it].” Howe v. Heartland Midwest, LLC, 604 S.W.3d 774, 779

(Mo.App. 2020) (internal quotation marks omitted). Thus, “[a]n appellant may not challenge

portions of a judgment that resolve issues solely between other parties and do not resolve the

claims made by that appellant.” Charnisky v. Chrismer, 185 S.W.3d 699, 702 (Mo.App. 2006).

 The relevant issue between the parties in this case is whether a compromise settlement

was reached.

 A compromise settlement is a contract. In order for the compromise settlement to
 be legally valid, it must possess the essential elements of any other contract.
 Agreements to settle pending lawsuits are enforceable by motion. A motion to
 compel settlement adds to a pending action a collateral action for specific

 4
 performance of the settlement agreement. The party requesting specific
 performance of the agreement has the burden of proving the claim by clear,
 convincing, and satisfactory evidence.

Precision Investments, L.L.C. v. Cornerstone Propane, L.P., 220 S.W.3d 301, 303 (Mo. banc

2007) (internal citations omitted).

 Here, in this tort action, although State Farm was the party that filed the motion to

enforce, a claim for specific performance of a compromise settlement is not a claim that State

Farm can bring against Plaintiff. A “claim” is “(1) a short and plain statement of the facts

showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to

which the pleader claims to be entitled.” Rule 55.05 (emphasis added). Rather, it is Defendant,

the tortfeasor, that would be entitled to any relief from Plaintiff, the tort claimant, assuming the

existence of an agreement to settle the instant tort action was established.

 In the context of an injured tort claimant bringing a declaratory judgment action against

the tortfeasor’s insurer, “[t]he long-standing rule in Missouri is that an injured tort claimant is not

a third-party beneficiary of the alleged tortfeasor’s policy of liability insurance under which the

insurer’s obligation to pay is triggered only after the tortfeasor’s liability to the tort claimant is

established by settlement or judgment.” Blankenship v. Old Missouri Mutual Insurance

Company, 525 S.W.3d 562, 564 (Mo.App. 2016); see also Haines v. Harrison, 211 S.W.2d 489,

492 (Mo. 1948) (“The right to compel the insurer to pay is based upon the theory that liability

has been established and that the insurer, by its contract, is obligated to the insured to pay the

judgment.”). Likewise, “Missouri courts have long held that the liability of an insurer as

potential indemnitor of the judgment does not constitute a direct interest in such a judgment so as

to implicate intervention as of right in that action.” 3 Britt v. Otto, 577 S.W.3d 133, 142

3
 We note that, in Knight, 609 S.W.3d at 819-20, the western district of this Court concluded that, in the context of a
tortfeasor entering into a section 537.065 agreement limiting the tortfeasor’s liability to an insurance contract, the

 5
(Mo.App. 2019) (internal quotation marks omitted). Thus, if an insurer’s obligation to pay is

triggered only after the tortfeasor’s liability to the tort claimant is established by settlement or

judgment, it follows that an insurer cannot make any claims against the tort claimant based upon

a settlement until after any disputes regarding settlement are resolved between the tort claimant

and the tortfeasor.

 In sum, the amount of Defendant’s liability remains undetermined by settlement or

judgment. As such, the denial of the motion to enforce has no immediate impact on State Farm’s

property rights or interests, and, therefore, State Farm was not aggrieved by the trial court’s

order. See Bi-State Development Agency, 258 S.W.3d at 104-105. “A party who has not been

aggrieved by a judgment has no right or standing to appeal.” Howe, 604 S.W.3d at 779 (internal

quotation marks omitted). “If a party has no standing to bring a claim, the claim shall be

dismissed because the court lacks authority to determine its merits.” Bethman v. Faith, 462

S.W.3d 895, 901 (Mo.App. 2015).

 Decision

 Because State Farm had no standing to bring this appeal, the appeal is dismissed.

GARY W. LYNCH, C.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

MARY W. SHEFFIELD, P.J. – CONCURS

2017 amendment to section 537.065 authorizes the tortfeasor’s insurer to intervene in a tort action between a third
party and the tortfeasor and appeal from an adverse judgment resulting therefrom. Because the instant case does not
involve a section 537.065 agreement, however, Knight is inapposite.

 6