## Richmond

KATIE MOORMAN v. NATIONWIDE MUTUAL INSURANCE COMPANY.

June 13, 1966.

Record No. 6207.

Present, Eggleston, C. J., and Spratley, Snead, I'Anson, Carrico and Gordon, JJ.

*Melvin J. Radin* (*Fine, Fine, Legum, Schwan & Fine*, on brief), for the plaintiff in error.

*Fred P. Aucamp* and *Rixey & Rixey*, for the defendant in error, submitted on brief.

SPRATLEY, J., delivered the opinion of the court.

This is an action instituted by Katie Moorman, plaintiff, against Nationwide Mutual Insurance Company [Nationwide] to recover medical expenses incurred by her as a result of an accident, while she was riding as a passenger in an automobile owned by Mozell J. Wynn, and operated by Margaret Louise Wynn, his wife. Plain-

tiff alleged that at the time of the accident, Nationwide had in effect an automobile insurance policy issued to Mr. Wynn covering the automobile in which plaintiff was a passenger; that it contained an endorsement wherein Nationwide "agreed to pay all medical expenses incurred by any one riding as a passenger in the insured's automobile, and receiving injuries as a result of the operation of automobile;" and that Nationwide had refused to pay the medical expenses incurred by plaintiff.

Nationwide, in its answer, admitted that there was an insurance policy in effect at the time of the accident, covering the operation of the automobile in which plaintiff was a passenger; but denied that plaintiff was entitled to recover any sum under the medical payments coverage therein, because plaintiff had theretofore brought an action in tort against Nationwide's insured, Mrs. Wynn, for personal injuries and medical expenses resulting from the latter's negligence, and that it, on behalf of its insured, Mrs. Wynn, "made a settlement with the plaintiff for such claims."

The case was submitted to the court on the pleadings, and a stipulation of facts in substance as stated below. The court sustained Nationwide's contention, dismissed plaintiff's action, and plaintiff appeals.

It was agreed that if plaintiff prevailed in this action, she should recover $359.75, the amount of medical expenses she incurred by reason of the automobile accident.

The accident occurred in North Carolina, on July 9, 1963. Subsequently, plaintiff instituted an action for personal injuries against Mrs. Wynn, an insured under a family automobile liability insurance policy issued by Nationwide to Mozell J. Wynn, her husband. The insurance policy contains on its face this provision: "ITEM 4. Insurance is afforded only for the Coverages for which a specific premium is shown below. The limit of the Company's liability under each such Coverage shall be as stated herein, subject to all the terms of this policy referring thereto."

Then follows a list of coverages, itemized from "A" to "G," available for a "specific premium" for the specific coverage applied for. Item "A" specifies liability for "Fire and Theft;" "B," "Comprehensive and Personal Effects;" "C," "Collision;" and "D," "Towing and Labor." None of these coverages was purchased by Wynn. He purchased coverages listed under Item "E," "Property Damage Liability" and Item "F," "Bodily Injury Liability," for a total premium

of $20.00 each six-month period; "Family Protection Coverage" against uninsured motorists for a premium of 50¢; and Item "G" "Medical Expenses Payments," not exceeding $1,000.00 for each person for a premium of $3.70 each six-month period.

In the body of the policy under "PART III—EXPENSES FOR MEDICAL SERVICES," are found the following pertinent provisions:

"COVERAGE G—Medical Payments

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Division 1—to or for the Named Insured and each relative who sustains bodily injury, sickness or disease including death resulting therefrom, hereinafter called 'bodily injury,' caused by accident, while occupying or through being struck by an automobile;

"Division 2—to or for any other person who sustains bodily injury, caused by accident, while occupying

(a) the owned automobile, while being used by the Named Insured, by any resident of the same household or by any other person with the permission of the Named Insured; or

(b) a non-owned automobile, if the bodily injury results from (1) its operation or occupancy by the Named Insured or its operation on his behalf by his private chauffeur or domestic servant or (2) its operation or occupancy by a relative, provided it is a private passenger automobile or trailer."

Following the above provisions are certain stated exclusions and limitations, none of which applies here. One provision limits the amount of liability for medical payments when "other automobile medical payments insurance against a loss covered by Part III of this policy" is available to the insured person. In this case, no such "other automobile medical payments insurance" was shown to be available to plaintiff.

The specific issue raised in this case is one of first impression in this State. The question is whether the plaintiff is entitled, under the provisions of the insurance policy here involved, to a recovery of her medical expenses from Nationwide, having already received payment in full of her claim for damages in her tort action against the operator of the insured automobile.

There is a conflict in the decisions as to whether a person injured

by reason of the operation of an insured automobile may recover under both the general liability clause and the medical payments clause of the insurance policy. The interpretation and effect of medical payments clauses of such policies are not uniform. The decisions are dependent upon the peculiar facts of the particular case, and especially on the provisions of the insurance contract. Annotation 42 A. L. R. 2d 984.

There is no ambiguity in the insurance policy before us. It needs no interpretation. We gather its purpose and intention from the plain and simple words employed.

Nationwide could have issued separate policies for the several coverages. It could have embodied several coverages in one policy for one premium; but it chose to list separate coverages, with a separate and "specific premium" for each coverage, as provided in Item 4 of its policy. The coverage under Item "E" is a distinct contract for the benefit of the insured, that is, insurance against liability to the extent named. The coverage under Item "G" is under "Division 2" of "PART III—PAYMENTS FOR MEDICAL EXPENSES," a distinct and separate contract for the benefit of the injured person, regardless of negligence of the insured. It is an absolute and unconditional agreement to assume and pay to an injured person "who sustains bodily injury caused by accident, while occupying" the insured automobile, medical expenses not exceeding $1,000.00. Consequently, the coverages are separate and distinct, and a separate and specific claim can arise under each coverage. Cf. *Bryant* v. *State Farm Mutual Automobile Insurance Co.*, 205 Va. 897, 140 S. E. 2d 817.

Nationwide concedes, in its brief, that there is "no explicit exclusion under its policy which limits payments for medical expenses to only those situations where payment is not made for claim against the named insured." However, it contends that a consideration of the entire insurance contract shows that it was not the intent of Nationwide to provide for more than one payment of medical expenses.

The insurance contract was prepared by Nationwide. Had it intended to limit or reduce the amount of its liability for medical payments under Coverage "G," if other medical payments were available to the injured person under any other coverage of its policy, or from another source, it could easily have so provided. It cannot ask us to make a contract for the parties, which they did

not make themselves. *Ayres* v. *Harleysville Mutual Casualty Co.*, 172 Va. 383, 2 S. E. 2d 303, 305.

We have carefully examined the entire insurance policy. We are accepting the language and provisions employed by Nationwide. "Item 4" providing that, "Insurance is afforded only for the Coverages for which specific premium is shown below," is clear and free from ambiguity. In accordance therewith, Nationwide asked for, and received payment of, a premium for assuming the risk under "Coverage G."

This proceeding concerns plaintiff's right to recover from Nationwide for breach of its contract, and not to recover from Mrs. Wynn for her alleged tort. The claim against Mrs. Wynn has been settled. The payment for the settlement, it is true, was made by Nationwide on behalf of its insured; but that was because of Nationwide's agreement to indemnify Mrs. Wynn in the event of her liability for negligence.

We do not base our decision on the theory of one claim sounding in tort and the other in contract. Our decision is based on the provisions of the insurance policy before us. We are not concerned, under the facts of this case, as to which of the two claims was first settled or who paid it.

Here, the engagement of Nationwide under Coverage "G" to pay medical expenses, regardless of negligence on the part of the insured, is somewhat similar to a personal accident policy, [8 Appleman, Insurance: Law and Practice, page 312, Par. 4896] for the benefit of an insured person, rather than for a person insured against liability. The injured person is placed in the position of a third party beneficiary, and as such, has in Virginia a statutory right to maintain an action on the contract in his own name. Code of Virginia, 1950, § 55-22* [1959 Repl. Vol.]

In *Severson* v. *Milwaukee Automobile Insurance Co.*, 265 Wisc. 488, 61 N. W. 2d 872, 42 A. L. R. 2d 976, 981, the facts are much

---

* "§ 55-22. *When person not a party, etc., may take or sue under instrument.*— An immediate estate or interest in or the benefit of a condition respecting any estate may be taken by a person under an instrument, although he be not a party thereto; and if a covenant or promise be made for the benefit, in whole or in part, of a person with whom it is not made, or with whom it is made jointly with others, such person, whether named in the instrument or not, may maintain in his own name any action thereon which he might maintain in case it had been made with him only and the consideration had moved from him to the party making such covenant or promise. In such action the covenantor or promisor shall be permitted to make all defenses he may have, not only against the covenantee or promisee, but against such beneficiary as well. (Code 1919, § 5143.)"

like those in the case before us. There, the personal representative of one killed in an automobile accident sought to recover from the insurance company medical expenses of the decedent, based on a medical payments insurance clause. The insurance company denied liability on the ground that the medical expenses had been previously recovered in a judgment against both the owner of the automobile and it, the insurance carrier. The Supreme Court of Wisconsin held that the liability and medical provisions in the insurance policy provided totally separate and distinct coverages, and that the medical payment provision was, in effect, separate accident insurance.

The cases cited by Nationwide in support of its contention that plaintiff was not entitled to recover any medical expenses, because she had already received payment of them in a settlement of her tort action against Mrs. Wynn, represent views based either on a limitation in the contract involved, or on the particular facts and circumstances of the case.

In *Gunter* v. *Lord*, 242 La. 943, 140 So. 2d 11, the policy before the Court contained the following provision: "The Company may pay the insured person, or any person or organization rendering the service, and such payments shall reduce the amount payable hereunder for such injury."

In *Tart* v. *Register*, (1962) 257 N. C. 161, 125 S. E. 2d 754, the Court said that the provisions of the insurance policy were not before it; the insurance carrier was not a party to the proceeding; and that its ruling was "to be limited to factual situations materially the same as the one (t)here presented." 125 S. E. 2d, page 764.

In *Yarrington* v. *Thornburg*, (1964, Superior Court of Delaware) 198 A. 2d 181, the Court said that since the insurance company was not a party to the action, it did not concern itself with the provisions of its policy, and hence no construction of it was required. In conclusion, it added that the contract responsibilities of Thornburg's insurer to Thornburg (the named insured) or to plaintiff were not in issue. 198 A. 2d, page 185.

In the case at bar, the proceeding was brought against Nationwide seeking a recovery under the terms and provisions of its insurance contract; the contract was in evidence; and we are concerned with the provisions of that contract, and with the exemptions and limitations therein, if any. We find that for a "specific premium," Nationwide agreed to assume the distinct and specific coverage afforded under Item "G—Medical Expenses Payment," with no exemption or limitation thereto applicable here.

We, therefore, hold that the plaintiff, Katie Moorman, is entitled to recover from Nationwide $359.75, her medical expenses, regardless of any payment made by Nationwide under any other coverage. The judgment of the trial court is reversed, and final judgment here entered for the plaintiff.

*Reversed and final judgment.*