BLOCKER *v.* STERLING, ET AL.

[No. 309, September Term, 1967.]

*Decided October 9, 1968.*

56

This cause was argued before HAMMOND, C. J., and MAR-BURY, McWILLIAMS, FINAN and SMITH, JJ.

Submitted on brief by *Laurence T. Scott* for appellant.

*Edward T. Conroy*, with whom was *James J. Lombardi* on the brief, for appellees.

HAMMOND, C. J., delivered the opinion of the Court.

Sterling and Sorenson, each a passenger in the automobile of Blocker when it swerved and overturned as a result of his efforts to avoid a rear-end collision, sued him for the injuries they sustained. Blocker was insured by American Motorists Insurance Company (American) under a policy which afforded various forms of coverage. Under Part I, Liability, Coverage A, Bodily Injury Liability, and Coverage B, Property Damage Liability, American agreed "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages" by reason of bodily injury (including death) sustained by any person and property damage arising out of the ownership, maintenance or use of the insured's automobile.

Under Part II—Expenses for Medical Services, Coverage C, Medical Payments, American agreed to pay, without regard to the legal liability of the insured, under Division 1, "all reasonable expenses * * * for necessary medical, surgical, X-ray and dental services * * * and necessary ambulance, hospital, professional nursing and funeral services * * *" to or for the insured and each relative who sustains bodily injury (including sickness and death) while in or entering or alighting from the owned automobile, while in a non-owned automobile with the permission of the owner or through being struck by an automobile; and under Division 2, to or for any other person who sustains bodily injury caused by accident while in or entering or alighting from the owned automobile while it is being used

by the insured, member of his household or another with the permission of the insured.

Before the suit for damages charging Blocker, the insured, with negligence came to trial, American paid Sterling $2,000 and Sorensen $1,848.25 under its medical payments contractual obligations spelled out in Coverage C of American's policy, and the parties so stipulated before the trial. They further agreed that after the trial Blocker, on behalf of American, would file appropriate motions, to be passed on by the court, to reduce the jury verdicts for Sterling and Sorensen, respectively, by the amount of the medical payments each had received.

At the trial each plaintiff proved his medical expenses and each was given a verdict which, presumably, included these damages, Sterling in the amount of $22,500 and Sorensen in the amount of $20,000. Judge Powers denied Blocker's motions for reduction of the damage verdicts by the amount previously received by Sterling and Sorenson, holding in effect that within American's policy were two separate contracts—one under Part I to indemnify Blocker for any amount within policy limits he "became legally obligated to pay as damages," and the other to pay medical expenses to injured third party beneficiaries without regard to Blocker's legal liability.

Blocker argues that the collateral source rule—the rule of *Plank v. Summers,* 203 Md. 552, that a claimant who has received benefits from a third person may nevertheless recover the same amount as part of his damages owed by the tortfeasor because the wrongdoer cannot escape responsibility for the full consequence of his wrong—should not apply in the present situation because here the tortfeasor created and paid for the source of both payments by taking out the two-edged insurance policy with American. Various state and federal courts have reached the result Blocker seeks and permitted but one recovery for medical expenses under policies similar to that before us. Various grounds have been relied on after the court in question has rejected the applicability of the collateral source rule. It has been held that payment of medical expenses by him who created the insurance fund was equivalent to direct payment of such expenses by the insured. It has been held that the insurer and insured could not reasonably have intended, and therefore did not

intend, that there be a double recovery (in one case where the policy was not before the court). It has been held—in an action at law on a formal written contract—that it would be inequitable to permit the insured to be "mulcted twice" for the same items of damages. There is a case in which there was a policy provision that medical payments "shall reduce the amount payable hereunder for such injury." See the annotation to *Yarrington v. Thornburg* (Del. Sup.), 205 A. 2d 1, in 11 A.L.R. 3d 1115, 1117-22.

There have been a number of decisions reaching a contrary conclusion and result. 11 A.L.R. 3d 1115, 1122-23.

This Court has given indication that it shares the view that double recovery is allowable. In *Thomas v. Erie Ins. Exchange,* 229 Md. 332, the majority held that a general release of all claims given the driver of a car by a passenger who was injured when the car struck a pole was broad enough to release the insurer of the driver from obligation to pay medical expenses under that coverage of the driver's insurance policy. The majority opinion said:

> "For the purposes of this opinion we will assume that she had a right to double recovery, that is by way of special damages for her medical expenses under the tort liability provision of the policy and also under the medical pay clause. The majority of the courts which have considered the problem have recognized the right to double recovery." [Citations omitted.] [229 Md. at 337]

Judge Henderson, dissenting for himself and Judge Hammond on the ground that the release did not bar the additional recovery of the medical expenses, said:

> "In effect, the insurer executed two contracts, one to defend or indemnify the insured against liability for damages recoverable by an injured party by reason of the insured's negligence, and another, for a separate premium, to pay directly to a passenger, as a third party beneficiary, any medical expenses incurred up to $1,000, regardless of negligence. The cases recognize

that there can be a double recovery on each separate undertaking. See *Severson v. Milwaukee Auto. Ins. Co.,* 61 N. W. 2d 872 (Wis.); *Truitt v. Gaines,* 199 F. Supp. 143 (D. C. Del.); note 42 A.L.R. 2d 983. In 8 Appleman, *Insurance Law & Practice* § 4896, p. 349, it is said that since recovery under a medical payments clause 'is completely independent of liability on the part of the insured, insurance under the medical indorsement clause is closely akin to a personal accident policy.' Thus, if the suit against the insured had been pressed to judgment, and the judgment paid, this would not have barred another recovery under the clause sued on. Cf. *Baltimore Transit Co. v. Harroll,* 217 Md. 169, 175, and *Plank v. Summers,* 203 Md. 552, 556." [229 Md. at 340-41]

Four years after *Thomas* the Supreme Court of Appeals of Virginia decided *Moorman v. Nationwide Mutual Insurance Company,* 148 S. E. 2d 874, reversing the trial court which had found for the insurer in a suit against it by an injured passenger for medical expenses, brought after a settlement of the passenger's suit against the tortfeasor for personal injuries and medical expenses.

The Court set out the various policy provisions which did not differ materially from those of the policy before us, and said:

"There is no ambiguity in the insurance policy before us. It needs no interpretation. We gather its purpose and intention from the plain and simple words employed.

"Nationwide could have issued separate policies for the several coverages. It could have embodied several coverages in one policy for one premium; but it chose to list separate coverages, with a separate and 'specific premium' for each coverage, as provided in Item 4 of its policy. The coverage under Item 'E' is a distinct contract for the benefit of the insured, that is, insurance against liability to the extent named. The coverage under Item 'G' is under 'Division 2' of 'PART II— PAYMENTS FOR MEDICAL EXPENSES,' a dis-

tinct and separate contract for the benefit of the injured person, regardless of negligence of the insured. It is an absolute and unconditional agreement to assume and pay to an injured person 'who sustains bodily injury caused by accident, while occupying' the insured automobile, medical expenses not exceeding $1,-000.00. Consequently, the coverages are separate and distinct, and a separate and specific claim can arise under each coverage. * * *

"Nationwide concedes, in its brief, that there is 'no explicit exclusion under its policy which limits payments for medical expenses to only those situations where payment is not made for claim against the named insured.' However, it contends that a consideration of the entire insurance contract shows that it was not the intent of Nationwide to provide for more than one payment of medical expenses.

"The insurance contract was prepared by Nationwide. Had it intended to limit or reduce the amount of its liability for medical payments under Coverage 'G,' if other medical payments were available to the injured person under any other coverage of its policy, or from another source, it could easily have so provided. It cannot ask us to make a contract for the parties, which they did not make themselves. * * *

"We have carefully examined the entire insurance policy. We are accepting the language and provisions employed by Nationwide. 'Item 4' providing that, 'Insurance is afforded only for the Coverages for which specific premium is shown below,' is clear and free from ambiguity. In accordance therewith, Nationwide asked for, and received payment of, a premium for assuming the risk under 'Coverage G.'

"This proceeding concerns plaintiff's right to recover from Nationwide for breach of its contract, and not to recover from Mrs. Wynn for her alleged tort. The claim against Mrs. Wynn has been settled. The payment for the settlement, it is true, was made by Nationwide on behalf of its insured; but that was because

of Nationwide's agreement to indemnify Mrs. Wynn in the event of her liability for negligence.

"We do not base our decision on the theory of one claim sounding in tort and the other in contract. Our decision is based on the provisions of the insurance policy before us. We are not concerned, under the facts of this case, as to which of the two claims was first settled or who paid it.

"Here, the engagement of Nationwide under Coverage 'G' to pay medical expenses, regardless of negligence on the part of the insured, is somewhat similar to a personal accident policy, [8 Appleman, Insurance: Law and Practice, page 312, Par. 4896] for the benefit of an insured person, rather than for a person insured against liability. The injured person is placed in the position of a third party beneficiary, and as such, has in Virginia a statutory right to maintain an action on the contract in his own name." [148 S. E. 2d at 876-77]

We have repeated the Virginia Court's opinion at such length because it is a recitation of our views as to the right approach to the question at issue and its correct solution.

American's policy created separate coverages, one of indemnity for Blocker and one analogous to a personal accident policy for injured passengers in Blocker's car who became, by virtue of being injured, third party beneficiaries of the medical expense coverage contract. In Part II of its policy American provided under "Exclusions" that:

"If there is other automobile medical payments insurance against a loss covered by Part II of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible automobile medical payments insurance; * * *."

American provided no other exclusion to indicate that the payments under the medical expense coverage should not be in

addition to payments under liability coverage. *Severson v. Milwaukee Auto Ins. Co.* (Wis.), 61 N. W. 2d 872, 42 A.L.R. 2d 976, the leading early case permitting recovery of medical expenses under both the medical expense coverage and liability coverage, was decided in 1953. This case was noted in the *Insurance Law Journal*, May, 1954:

> "Those liability insurers who are not too happy in the implications of this decision can protect themselves, of course, by amending their liability policy to limit medical payments recovery to a single payment to the qualifying claimant, whether it be under the liability provisions of the insurance contract or under the medical payments coverage." [*Ins. L. J.* 1954: 303 at 327]

American has had ample time and notice in which to insert policy provisions requiring credit on liability coverage recovery of sums received under medical expenses coverage—as some insurers have done—and its failure to do so indicates that it did not intend such a requirement.[1]

We find nothing in the policy implicitly suggesting an intent that medical expense payments were not to be in addition to liability payments. The terms of the medical expense coverage indicate that it is largely for the benefit of relatives and friends of the insured and it would seem not unlikely therefore that he would want those whose injuries had been caused by him to be compensated from the insurance he had created for their protection, as well as his own, as liberally as possible. Neither the liability payment nor the medical payment would come from his pocket but from that of the insurer, as the insured had foreseen when he paid the premiums that produced that result.

We think Judge Powers reached the correct conclusion.

*Orders affirmed, with costs.*

---

1. Paragraph C "Supplementary Payments" in which American agrees "to pay, in addition to the applicable limits of liability * * * expenses incurred by the insured for such immediate medical and surgical relief to others as shall be imperative at the time of an accident involving an automobile insured hereunder," may give some indication that medical expenses payments were intended to be in addition to liability payments.