Joyce Marie **OVERTURFF**, by and through her mother and next friend, Doris Overturff, and Doris Overturff, Appellants,

v.

Paula Jean **HART**, Appellee.

No. 46103.

Supreme Court of Oklahoma.

Feb. 4, 1975.

Tom Wakely, Oklahoma City, for appellants.

Kenneth R. Webster, McKinney, Stringer & Webster, Oklahoma City, for appellee.

DAVISON, Justice:

This appeal presents the question of whether, under the circumstances, a tortfeasor is entitled to a credit, in reduction of medical expense damages of the injured plaintiff, for payments made to plaintiff pursuant to the medical expense provisions of an insurance policy, the premium for which was paid by the tortfeasor.

Appellants, Joyce Marie Overturff and her mother, Doris Overturff (as next friend and individually), filed suit against Appellee, Paula Jean Hart, for damages because of injuries suffered by Joyce Marie Overturff in an automobile collision while she was riding as a passenger in an automobile being driven by Paula Jean Hart. The first cause of action sought damages for personal injuries sustained by the daughter (Joyce Marie), and a second cause of action, on behalf of the mother, sought recovery of medical expenses accrued and to accrue in the future because of her daughter's injuries. Prior to trial the defendant tendered and plaintiff, Doris Overturff, accepted a check in the amount of $1159.75, representing the insurance company's payment through the medical pay provisions of defendant's insurance coverage of all of plaintiff's existing medical expenses. At the trial there was evidence of accrued medical expense of $1159.75, and anticipated future medical expense of $400.00. The jury returned a verdict for the daughter on the first cause of action for $500.00, and for the mother on the second cause of action for $1559.75.

The defendant filed a motion to settle the journal entry and requesting the court to credit the $1559.75 verdict in favor of the mother with the $1159.75 previously paid on the medical expenses. It was stipulated that this $1159.75 was the total medical expense incurred to date at the time this amount was paid. The trial court sustained this motion and rendered judgment for the plaintiff daughter on the first cause of action for $500.00, and rendered judgment for the plaintiff mother on the second cause of action for $400.00. It was stipulated that the defendant had tendered payment of these sums.

Plaintiffs have appealed from this order allowing such credit and reduction.

The subject automobile insurance policy has a provision obligating the insurer to pay those damages the insured is legally obligated to pay because of bodily injury arising out of operation of the automobile. The policy also has a provision for payment of medical expenses incurred by the insured and any other person who sustains bodily injury while occupying the automobile. A separate premium was charged for this coverage. The policy does not contain express language that such payment of medical expenses could be deducted from damages recoverable by the plaintiff in an action against the insured.

Plaintiffs contend, in substance, that the above provisions of the policy create separate coverages, whereby an injured passenger may recover medical expense under the liability coverage, and recover again for this same item under the medical coverage on the theory that this latter coverage constitutes a "third party beneficiary contract"

made for the benefit of an injured passenger.

The decisions passing on this subject are many and diverse, and there is no dispute that there is a definite conflict of authority as to the correctness of this proposition. See Annotation on this subject 11 ALR3d 1115.

Plaintiffs cite a number of cases where the injured person has sued the insurance company to recover medical expense, after having secured a judgment against the tortfeasor for damages including this expense, or where such a claim or judgment has been paid. Typical of these decisions is Severson v. Milwaukee Automobile Ins. Co. (1953), 265 Wis. 488, 61 N.W.2d 872, 42 ALR2d 976, in which the court approved double recovery of medical expense, on the ground that the medical coverage was a contract separate from the liability coverage. In the case before us the insurance company is not a party. The question of its double liability is not presented for decision, and we express no opinion on that subject. However, assuming the carrier to have a double liability, we fail to comprehend how the carrier's double liability, existing because of its contract, subjects the tortfeasor *also* to double liability for that portion of the damages he has caused to be paid. Yarrington v. Thornburg (Del.Sup.), 205 A.2d 1, 11 ALR3d 1110, 1114.

Plaintiffs also cite cases allowing double recovery in situations where the insurance carrier was not a party to the action between the tortfeasor and the injured party. Such a case is Blocker v. Sterling, 251 Md. 55, 246 A.2d 226, in which the court affirmed the lower court's denial of the tortfeasor's application to credit on the injured persons' judgment the sums received by them pursuant to the insurance policy's medical coverage. The Court, in reaching this conclusion relies almost entirely upon the reasoning in Severson, supra, and Moorman v. Nationwide Mutual Insurance Company, 207 Va. 244, 148 S.E.2d 874, both of which were actions against the insurance carrier. We do not agree with what is in effect a false premise, that the reasoning by which an insurance carrier may be doubly liable for medical expense on account of its contract, supports the conclusion the insured tortfeasor is also doubly liable.

The action of the plaintiffs was based on tort. Our statute 23 O.S.1971, § 61, provides the measure of damages in such cases:

"For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate for all detriment proximately caused thereby, whether it could have been anticipated or not."

In the application of this statute we held in Denco Bus Lines v. Hargis, 204 Okl. 339, 229 P.2d 560, that a wrongdoer committing a tort is liable for the whole loss caused by him, and compensation received by the injured party from a collateral source wholly independent of the wrongdoer, does not operate to lessen the damages recoverable from the wrongdoer.

This is not the situation in the present case. The funds ($1159.75) paid to the plaintiffs for medical expense did not come from "a collateral source wholly independent" of the defendant tortfeasor. The funds came from an insurance policy that was procured by the defendant and for which a premium was paid.

In 22 Am.Jur.2d, Damages, § 206, p. 287, 288, it is stated, "All jurisdictions agree, however, that payments from the tortfeasor to the injured party may, as a general rule, be shown in mitigation or reduction of any recovery. The same is true with regard to a fund created by the tortfeasor, and therefore he has a right to be credited with payments made under the medical provision of his liability policy, to the injured person."

In Yarrington v. Thornburg, supra, the court states relative to the Collateral Source Doctrine, "The doctrine, however, does permit the tortfeasor to obtain the advantage of payments made by himself or from a fund created by him; in such an instance the payments come, not from a collateral source, but from the defendant. * * * Obviously, in the present case, the fund of $5000 was directly created by Thornburg. His purchase of the insurance and payment of premiums were the sole cause for the existence of the fund and we are unable to perceive any valid reason why he should not receive credit for the fund thus created by him."

See Dodds v. Bucknum, (1963) 214 Cal. App.2d 206, 29 Cal.Rptr. 393, 397, 398; and Hamilton v. Slover, (Mo.1969), 440 S.W.2d 947, 958 (citing Yarrington, supra, and Adams v. Turner, D.C.Dist. of Col., 238 F.Supp. 643, 644, 645), for extensive and concurring discussions and conclusions.

Plaintiffs cite Franklin Casualty Insurance Company v. Jones, Okl., 362 P.2d 964, and United States v. State Farm Mutual Automobile Ins. Co., 455 F.2d 789 (10 Cir., 1972), as containing statements supporting, or at least favorable to, their position in this appeal. The cited cases involve actions against the *insurance companies*. For the reasons above stated they are not in point here.

We are of the opinion that the weight of authority, under the facts in this case, is that payments made under the medical expense provision of the insurance policy of the defendant tortfeasor, should be credited against the amount of damages which the plaintiff may recover against the tortfeasor. We think this is the better rule. We so hold.

Judgment of the trial court affirmed.

HODGES, V. C. J., and IRWIN, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.