# CIRCUIT COURT OF THE CITY OF RICHMOND

Jean Delores Atkins

v.

Metropolitan Junior
Baseball League, Inc.

February 11, 2003

Case No. LP-2425-4

BY JUDGE RANDALL G. JOHNSON

The issue before the court is whether a plaintiff who has received payment for her medical bills under the medical payments coverage of a tortfeasor's commercial liability insurance policy may recover for those same medical bills in a personal injury action against the tortfeasor. The issue is raised on defendant's motion in limine to preclude plaintiff from presenting evidence to the jury related to her medical bills or introducing such bills into evidence.

The action arises out of an incident that occurred on May 10, 2001. On that day, plaintiff was at an establishment owned and/or operated by defendant as a bingo hall at 1700 East Broad Street in Richmond. Plaintiff claims that, when she attempted to sit in a metal chair on the premises, the chair collapsed and she was injured. Defendant's insurance carrier, Scottsdale Insurance Company, has paid plaintiff $2,878.93, which is the amount of plaintiff's medical bills, under the medical payments coverage of defendant's commercial liability policy. It is defendant's position that such payment prevents plaintiff from recovering her medical bills in this action and, therefore, plaintiff should be precluded from presenting evidence of those bills or the bills themselves at trial.

Virginia Code § 38.2-2216 provides as follows:

> No policy or contract of bodily injury liability insurance which contains any representation by an insurer to pay medical expenses incurred for bodily injuries caused by an accident to the insured or any relative or any other person coming under the provisions of the policy, shall be issued or delivered by any insurer licensed in this Commonwealth upon any motor vehicle then principally garaged or principally used in this Commonwealth, if the policy contains any provision reducing the amount of damages covered under the liability or uninsured motorist coverages of the policy by the amount of payments made by the insurer under the medical expense or other medical payments coverage of the policy.

The fact that the above statute applies only to insurance policies covering motor vehicles and that no similar statute exists for any other type of insurance in Virginia might, at first glance, lead to the conclusion that its rule does not apply to other types of insurance. Indeed, the maxim *expressio unius est exclusio alterius*, "the expression of one thing is the exclusion of another,"[1] would seem to indicate that by only including motor vehicle insurance within the province of the above statute and by not enacting a similar statute for other types of insurance, the General Assembly has chosen to have a different rule for other types of insurance. That argument loses its appeal, however, when Supreme Court precedent is considered.

Virginia Code § 38.2-2216 was enacted in 1984. No predecessor statute existed. In a case decided eighteen years earlier, however, our Supreme Court had already decided that the rule set out in the statute was the law of the Commonwealth, at least in cases in which the policy of insurance did not specifically state otherwise. The case was *Moorman v. Insurance Co.*, 207 Va. 244, 148 S.E.2d 874 (1966). In that case, the plaintiff was injured in an automobile accident and instituted an action for personal injuries against the other driver who was covered by a liability insurance policy that included medical payments coverage. The lawsuit was settled. Plaintiff then filed an action against Nationwide Mutual Insurance Company, the tortfeasor's insurer that had paid the settlement, claiming that Nationwide had failed to pay the medical expenses incurred by the plaintiff. Nationwide defended by saying that plaintiff's medical bills were part of the personal injury settlement and that by paying the amount of the settlement, Nationwide was no longer

---

[1] See, *e.g.*, *Turner v. Wexler*, 244 Va. 124, 127, 418 S.E.2d 886 (1992).

obligated to pay under the medical payments coverage. The trial court agreed with Nationwide and dismissed the action.

On appeal, the Supreme Court carefully analyzed the provisions of the subject policy. The Court noted that the policy listed several different coverages, itemized from "A" to "G," and that each coverage was available for a "specific premium." 207 Va. at 245-46. The tortfeasor's husband had purchased coverages listed under Item "E," "Property Damage Liability" and Item "F," "Bodily Injury Liability," for a total premium of $20.00 each six-month period; "Family Protection Coverage" against uninsured motorists for a premium of $.50; and Item "G" "Medical Expenses Payments," not exceeding $1,000.00 for each person for a premium of $3.70 each six-month period. With regard to the "Medical Expense Payments" coverage, Nationwide promised:

> To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray, and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing, and funeral services:
> Division 1 C to or for the Named Insured and each relative who sustains bodily injury, sickness or disease including death resulting therefrom, hereinafter called "bodily injury," caused by accident, while occupying or through being struck by an automobile;
> Division 2 C to or for any other person who sustains bodily injury, caused by accident, while occupying:
> (a) the owned automobile, while being used by the Named Insured, by any resident of the same household or by any other person with the permission of the Named Insured; or
> (b) a non-owned automobile, if the bodily injury results from (1) its operation or occupancy by the Named Insured or its operation on his behalf by his private chauffeur or domestic servant or (2) its operation or occupancy by a relative, provided it is a private passenger automobile or trailer.

*Id.* at 246.

Next, the court noted that the question under consideration, whether the plaintiff was entitled, under the provisions of the insurance policy there involved to a recovery of her medical expenses from Nationwide, having already received payment in full of her claim for damages in her tort action against the operator of the insured vehicle, was one of first impression in

Virginia. The Court observed that there was a conflict among the courts of other jurisdictions and that each decision was dependent upon "the peculiar facts of the particular case and especially on the provisions of the insurance contract." *Id.* The Court then said:

> There is no ambiguity in the insurance policy before us. It needs no interpretation. We gather its purpose and intention from the plain and simple words employed.
>
> Nationwide could have issued separate policies for the several coverages. It could have embodied several coverages in one policy for one premium; but it chose to list separate coverages, with a separate and "specific premium" for each coverage, as provided in Item 4 of its policy. The coverage under Item "E" is a distinct contract for the benefit of the insured, that is, insurance against liability to the extent named. The coverage under Item "G" is under "Division 2" of "PART III C PAYMENTS FOR MEDICAL EXPENSES," a distinct and separate contract for the benefit of the injured person, regardless of the negligence of the insured. It is an absolute and unconditional agreement to assume and pay to an injured person "who sustains bodily injury caused by accident, while occupying" the insured automobile, medical expenses not exceeding $1,000.00. Consequently, the coverages are separate and distinct, and a separate and specific claim can arise under each coverage. . . .
>
> Nationwide concedes, in its brief, that there is "no explicit exclusion under its policy which limits payments for medical expenses to only those situations where payment is not made for claims against the named insured." However, it contends that a consideration of the entire insurance contract shows that it was not the intent of Nationwide to provide for more than one payment of medical expenses.
>
> The insurance contract was prepared by Nationwide. Had it intended to limit or reduce the amount of its liability for medical payments under Coverage "G," if other medical payments were available to the injured person under any other coverage of its policy, or from another source, it could easily have so provided. It cannot ask us to make a contract for the parties, which they did not make themselves.

*Id.* at 247-48 (citations omitted).

The trial court was reversed and final judgment was entered for the plaintiff. That holding applies here.

Just as was true in *Moorman*, the policy in the case at bar lists several different coverages, each designated as a "Coverage Part," for which separate premiums are charged. Defendant paid premiums for "Commercial General Liability Coverage Part" and "Commercial Property Coverage Part." Under the "Commercial General Liability Part," three coverages are listed: "Coverage A — Bodily Injury and Property Damage Liability;" "Coverage B — Personal and Advertising Injury Liability;" and "Coverage C — Medical Payments." The "Insuring Agreement" under "Coverage A — Bodily Injury and Property Damage Liability" begins:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

Policy at 1.

The "Insuring Agreement" under "Coverage C — Medical Payments" provides:

> a. We will pay medical expenses as described below for "bodily injury" caused by accident:
> (1) On premises you own or rent;
> (2) On ways next to premises you own or rent; or
> (3) Because of your operations;
> provided that:
> (1) The accident takes place in the "coverage territory" and during the policy period;
> (2) The expenses are incurred and reported to us within one year of the date of the accident; and
> (3) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.
> b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:
> (1) First aid administered at the time of an accident;
> (2) Necessary medical, surgical, x-ray, and dental services, including prosthetic devices; and

(3) Necessary ambulance, hospital, professional nursing, and funeral services.

Policy at 5-6.

Both coverages list a number of "Exclusions." The "Exclusions" listed under "Coverage A — Bodily Injury and Property Damage Liability" are designated "a" through "o," with some of the designated exclusions having as many as six subparts. "Coverage C — Medical Payments" lists 8 exclusions, designated as "a" through "h." Nowhere in those exclusions, or anywhere else in the policy, is anything said about payments provided for under one coverage of the policy being applied to, or deducted from, payments provided for under a different coverage of the policy. To paraphrase the Supreme Court, the insurance contract was prepared by Scottsdale. Had it intended to limit or reduce the amount of its liability for medical payments under "Coverage C — Medical Payments," if other medical payments were available to the injured person under any other coverage of its policy, or from another source, it could easily have so provided. It cannot ask this court to make a contract for the parties, which they did not make themselves. *See* 207 Va. at 247-48.

The fact that the liability and medical payments coverages in *Moorman* were provided in exchange for separate premiums while the liability and medical payments coverages in the case at bar were provided in exchange for one premium does not change the result. The fact that there were separate premiums was just one factor leading to the Court's decision in *Moorman*. It was not dispositive. What was dispositive was that each coverage was for something different. Liability coverage was for damages resulting from negligence. Medical payments coverage was for medical bills incurred by an injured person regardless of negligence. The same situation exists here. The fact that the plaintiff in *Moorman* received damages by way of settlement before seeking payment under the medical payments provision, while here the situation is reversed, also makes no difference. The Court in *Moorman* specifically noted that "[w]e are not concerned, under the facts of this case, as to which of the two claims was first settled or who paid it." 207 Va. at 248. In *Moorman*, it was established that in Virginia, where an insurance policy provides separately for liability coverage and medical payments coverage without providing for an adjustment in payments required under one coverage for payments made under the other, both coverages apply. In 1984, the General Assembly enacted § 38.2-2216 to provide that, in the case of motor vehicle insurance, an insurer's payment under one coverage can never be credited against the insurer's obligation to pay under the other coverage. Since *Moorman* has never been otherwise abrogated by the legislature or reversed by

the Supreme Court, its holding that the question of whether payment under one coverage can be credited against the obligation to pay under the other coverage depends on the specific provisions of the policy at issue still applies to all other types of insurance policies, including the one at issue here.

In making this ruling, the court is aware that it is inconsistent with the Restatement (Second) of Torts § 920A(1) (1979). Specifically, the Restatement says:

> A payment made by a tortfeasor or by a person acting for him to a person whom he has injured is credited against his tort liability, as are payments made by another who is, or believes he is, subject to the same tort liability.

Comment a to that section states:

> If a tort defendant makes a payment toward his tort liability, it of course has the effect of reducing that liability. This is also true of payments made under an insurance policy that is maintained by the defendant, whether made under a liability provision or without regard to liability, *as under a medical-payments clause.*

Emphasis added.

The court's holding in this case is contrary to that comment. Obviously, however, where the Restatement is at odds with a decision of our Supreme Court, the decision of the Supreme Court controls. The decision of the Supreme Court in *Moorman* controls here. Defendant's motion to preclude plaintiff from referring to her medical bills or introducing those bills at trial is denied.

Scottsdale Insurance Company is not a party to this action and has not been heard on the pending motion. Since the court's ruling applies only to an evidentiary matter in the trial of this action, there is no need for Scottsdale to be heard. The court expresses no opinion on Scottsdale's ultimate liability for paying any judgment obtained by plaintiff at trial.