# CIRCUIT COURT OF THE CITY OF NORFOLK

Cheryl Freeman

v.

Doubletree by Hilton
and Atlantic Blueridge
Elevator Co.

April 17, 2015

Case No. (Civil) CL13-5903

By Judge David W. Lannetti

Today, the Court rules on the Demurrer filed by Defendant Atlantic Blueridge Elevator Company ("Atlantic"). The three issues before the Court on demurrer are: (1) whether Plaintiff Cheryl Freeman sufficiently alleged a breach of contract claim; (2) whether Freeman can claim third-party beneficiary status on the contract ("the Contract") between Atlantic and Doubletree by Hilton ("Doubletree"); and (3) whether the damages Freeman seeks are recoverable under the Contract. The Court finds that Freeman failed to sufficiently plead a breach of contract claim and, therefore, sustains the demurrer in that regard. The Court finds that, based on her allegations and the Contract, Freeman has not sufficiently pleaded her third-party beneficiary status; the Court, therefore, sustains the Demurrer as to her third-party beneficiary claim. The Court further finds, based on the allegations in the Third Amended Complaint, that tort damages are unavailable to a contractual third-party beneficiary, and the Contract's limitation of liability clause bars Freeman from recovering consequential damages on her breach of contract claim; the Court, therefore, sustains the Demurrer as to the contract damages issue.

## Background

Freeman filed suit against Doubletree and Atlantic alleging claims of negligence and breach of contract arising out of an incident that occurred in one of Doubletree's hotels on June 26, 2012. Freeman was on a hotel elevator when the elevator "became disabled and stopped between two floors." (Third Am. Compl. ¶ 9.) Doubletree employees allegedly assisted in opening the elevator door and encouraged Freeman and other passengers to jump several feet from the elevator to the hotel floor below. (*See id.* ¶¶ 11-14, 17, 19.) Freeman alleges that she jumped from the elevator and, upon landing, her "knees buckled and she fell onto the floor," causing personal injuries. (*Id.* ¶ 26.)

Pursuant to the Contract, Atlantic agreed to repair and maintain the hotel elevators. (*See generally* Third Am. Compl. Ex. A.) Freeman alleges, *inter alia,* that she is a third-party beneficiary of the Contract and that, based on that capacity, Atlantic is liable to her for breach of contract as a result of Atlantic's "failure to properly and reasonably maintain and repair" the elevator. (*Id.* at 9.)

The Court has thrice granted Freeman leave to file an amended complaint. On December 30, 2013, and May 30, 2014, leave was granted for good cause shown. The parties subsequently were before the Court on November 20, 2014, to hear Atlantic's Demurrer to the Second Amended Complaint. There, Atlantic demurred on three grounds: (1) Freeman's failure to allege duties of Atlantic to support a claim of negligence; (2) Freeman's assumption of risk in jumping from the elevator; and (3) Freeman's failure to allege sufficient facts to support a breach of contract claim against Atlantic. (Dem. to Second Am. Compl. 3-5.) The Court, in its December 4, 2014, ruling, overruled the demurrer on the negligence and assumption of risk grounds and sustained the demurrer on the breach of contract ground. The Court granted Freeman leave to amend — once again — regarding the breach of contract claim.

Most recently, the parties were before the Court on March 5, 2015, for a hearing on Atlantic's Demurrer to the Third Amended Complaint. The Court allowed the parties to file post-hearing supplemental briefs. The issue now before the Court is whether there is merit to Atlantic's Demurrer to the Third Amended Complaint.

## Positions of the Parties

### A. *Atlantic's Demurrer*

Atlantic demurred to the Third Amended Complaint, arguing three main points: (1) Freeman fails to sufficiently plead that Atlantic breached the Contract; (2) Freeman fails to sufficiently plead a claim for which she can recover as a third-party beneficiary of the Contract between Atlantic and

Doubletree; and (3) the damages allegedly caused by Doubletree employees are not contract damages that either were foreseeable or arose from the intervention of special circumstances ordinarily predictable by Atlantic. (Dem. to Third Am. Compl. 2-4.)

### B. *Atlantic's Brief in Support of Demurrer*

Atlantic uses its Brief in Support of Demurrer to bolster the three legal arguments in its Demurrer. First, Atlantic addresses the issue of failure to sufficiently plead a breach of contract claim by asserting that Freeman fails to identify "which express term of the contract was breached." (Br. in Supp. of Dem. 3.) Next, Atlantic states that Freeman did not "plead facts sufficient to find that Atlantic has assumed an obligation for the benefit of [Freeman]," concluding that Freeman does not point to any contract language that identifies her or any other third parties as intended beneficiaries of the Contract. (*Id.* at 3-4.) Finally, Atlantic articulates that the contract damages sought by Freeman are "specifically excluded pursuant to the contract," so Freeman cannot recover them. (*Id.* at 5.)

### C. *Atlantic's Supplemental Brief in Support of Demurrer*

Atlantic's Supplemental Brief in Support of Demurrer focuses on the issues of whether Freeman sufficiently pleaded that she is a third-party beneficiary of the Contract and whether Freeman seeks appropriate damages. (Supplemental Br. in Supp. 1-2.) Atlantic cites *Ogunde v. Prison Health Services*, 274 Va. 55, 645 S.E.2d 520 (2007), for the proposition that a contract must "clearly and definitely" identify any third-party beneficiaries and contends that the Contract here does not "clearly and definitely" contemplate Freeman or any others as third-party beneficiaries. (*Id.* at 2.) Atlantic further argues that the Contract specifically limits liability such that it would not be responsible for any loss "by any cause beyond [Atlantic's] reasonable control, and in no event shall [Atlantic] be liable for consequential damages." (*Id.*)

### D. *Freeman's Brief in Response to Demurrer*

Freeman contends that the Contract contemplated hotel invitees as intended beneficiaries and that she, therefore, was a third-party beneficiary of the Contract. (Br. in Resp. 1-2.) In support of her argument, Freeman — as Atlantic — cites *Ogunde*. (*Id.* at 2.) Freeman also challenges Atlantic's contention that the Contract does not contemplate the recovery of consequential damages. (*Id.* at 3.)

*Analysis*

A. *Legal Standard*

A demurrer tests the legal sufficiency of the claims stated in the pleading challenged. *Dray v. New Mkt. Poultry Prods., Inc.*, 258 Va. 187, 189, 518 S.E.2d 312, 312 (1999). The only question for the court to decide is whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against the defendant. *Thompson v. Skate Am., Inc.*, 261 Va. 121, 128, 540 S.E.2d 123, 126-27 (2001). On demurrer, the court must admit the truth of all material facts properly pleaded, facts that are impliedly alleged, and facts that may be fairly and justly inferred from the alleged facts. *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991). A demurrer does not admit the correctness of any conclusions of law. *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997). Even if imperfect, a complaint drafted such that a defendant cannot mistake the true nature of the claim should withstand demurrer. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993). The court will not consider any factual assertions outside the pleadings for purposes of a demurrer. *See* Va. Code Ann. § 8.01-273 (1950).

Certain rules in the Rules of Supreme Court of Virginia apply to all proceedings. *See* Va. Code § 8.01-3. Accordingly, "[e]very pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense." Va. Sup. Ct. R. 1:4(d).

*Discussion*

The Court has considered the pleadings, oral argument at the March 5, 2015, hearing, and applicable authorities. This Opinion provides the Court's ruling on the three issues before it on demurrer.

A. *Freeman Did Not Sufficiently Plead a Breach of Contract Claim Against Atlantic*

Atlantic contends that Freeman failed to sufficiently plead a breach of contract claim. (Dem. 3.) The Court finds that Freeman's Third Amended Complaint sufficiently alleges a breach of the Contract, but that the claim nonetheless cannot survive.

The duties to repair and maintain the elevators arose from the Contract, and failure to satisfactorily complete those duties constitutes a breach of Atlantic's contractual obligations. *Horton v. Horton*, 254 Va. 111, 115-16, 487 S.E.2d 200, 204 (1997) (discussing material breach). Freeman alleges in paragraphs 44 through 47 of her Third Amended Complaint that she was a third-party beneficiary of the Contract based on the contractual language

regarding "Limits of Liability." (Third Am. Compl. ¶¶ 44-47.) The Court finds that although these allegations may be sufficient to demonstrate that, for purposes of review on demurrer, Atlantic breached the Contract, they are not legally sufficient to establish that Freeman was a third-party beneficiary of the Contract in light of the contractual language, as discussed *infra*.

The Court, therefore, sustains the demurrer as to the failure to sufficiently plead a breach of contract claim based on Freeman's lack of standing.

### B. *Freeman Did Not Sufficiently Plead That She is a Third-Party Beneficiary of the Contract*

It is undisputed that Doubletree entered into a contract with Atlantic to repair and maintain elevators in Doubletree's hotel. (Third Am. Compl. Ex. A.) What is disputed is whether Freeman is a third-party beneficiary of the Contract. The Court now looks to the facts as pleaded in the light most favorable to Freeman and to the contractual language to determine whether Freeman sufficiently pleaded that she is a third-party beneficiary of the Contract.

Virginia law recognizes that a *third-party beneficiary* of a contract has standing to sue on the contract even though the contract is between two other parties. *Kelly Health Care v. Prudential Ins. Co.*, 226 Va. 376, 380, 309 S.E.2d 305, 307 (1983). An *incidental beneficiary* of a contract, on the other hand, lacks standing and, therefore, has no right to sue on the contract. *Id.* According to the Virginia Supreme Court:

> [T]he controlling principle of law … is that one not a party to a contract can sue for a breach thereof *only when the condition which is alleged to have been broken was placed in the contract for his direct benefit.* A mere incidental beneficiary acquires by virtue of the contractual obligation no right against the promisor or the promisee… . [A] third person cannot maintain an action upon a contract merely because he would receive a benefit from its performance or because he is injured by a breach thereof. [I]n order to do so, *the provision sought to be invoked must have been inserted in the contract directly or primarily for his benefit*; or to state the same rule differently, one not a party to a contract and who would be only indirectly and incidentally benefited by its performance cannot recover for a breach thereof.

*Valley Landscape Co. v. Rolland*, 218 Va. 257, 262, 237 S.E.2d 120, 123-24 (1977) (emphasis added) (citations omitted) (*quoting Engle Acoustic & Tile, Inc. v. Grenfell*, 223 So. 2d 613, 620 (Miss. 1969)). The leading Virginia remedies commentator has gone so far as to state that the contracting parties' intention to benefit the third party is evaluated "under

a rule of strict scrutiny." John L. Costello, *Virginia Remedies*, § 18.03[3] (4th ed. 2011). In other words, "[t]he essence of a third-party beneficiary's claim is that others have agreed between themselves to bestow a benefit upon the third party but one of the parties to the agreement fails to uphold his portion of the bargain." *Copenhaver v. Rogers*, 238 Va. 361, 367, 384 S.E.2d 593, 596 (1989). By contrast, an incidental beneficiary is "one who is not an intended beneficiary but who may derive some benefit from the performance of a contract although he was neither promisor nor promisee." *Wedgewood Homes, Inc. v. Southern Title Ins. Corp.*, 24 Va. Cir. 262, 263-64 (Fredericksburg 1991).

Further, the burden of proof is on the third-party beneficiary claimant to establish that the parties to the contract "clearly and definitely" agreed to confer some benefit onto the third party. *Professional Realty Corp. v. Bender*, 216 Va. 737, 739, 222 S.E.2d 810, 812 (1976).

Both Freeman and Atlantic rely on *Ogunde v. Prison Health Services*, 274 Va. 55, 645 S.E.2d 520 (2007), to support their respective positions regarding whether Freeman sufficiently pleaded that she is a third-party beneficiary. In *Ogunde*, the Supreme Court of Virginia found that Greensville Correctional Center inmates were third-party beneficiaries of a contract between the Department of Corrections and the correctional center's medical provider. *Id.* at 64, 645 S.E.2d at 526. The contract language explicitly stated that the purpose of the contract "is to provide cost effective, quality inmate health care services for up to approximately 6,000 inmates," including those housed at the Greensville Correctional Center. *Id.* at 63, 645 S.E.2d at 525. *Ogunde* cites two other cases that discuss third-party beneficiary status: *Owens v. Haas*, 601 F.2d 1242, 1250-51 (2d Cir. 1979), *cert. denied*, 444 U.S. 980 (1979), and *Moorman v. Nationwide Mutual Ins. Co.*, 207 Va. 244, 148 S.E.2d 874 (1966).

In *Owens*, which involved a contract between the U.S. Bureau of Prisons and Nassau County, New York, to transport prisoners, the court found that the prisoners were third-party beneficiaries of the contract. *Owens*, 601 F.2d at 1250-51. The court looked to the contract language, including the Policy Statement of the Bureau of Prisons incorporated into the contract, and found "numerous clauses which provide for the safekeeping and protection of federal prisoners." *Id.* at 1250. Based on that language, the *Owens* court determined that the contract "suggest[ed] that a federal prisoner who was injured in a county jail, could claim status as an intended beneficiary of the contract." *Id.*

*Moorman* involved a contract between an insurance company and a driver that included coverage for anyone in the driver's vehicle. *Moorman*, 207 Va. at 245, 148 S.E.2d at 874. The contract covered "an injured person 'who sustains bodily injury caused by accident, while occupying' the insured automobile, medical expenses not exceeding $1,000.00." *Id.* at 247, 148 S.E.2d at 876. The court found that the contract included "a distinct

and separate contract for the benefit of the injured person, regardless of negligence of the insured," thereby making the injured person a third-party beneficiary of the insurance contract. *Id*. at 247-50, 148 S.E.2d at 876-78.

The parties to the *Ogunde, Owens*, and *Moorman* contracts clearly and definitely contemplated and intended benefits for others designated in the contracts: the parties to the *Ogunde* contract intended healthcare for the inmates at four correctional facilities; the parties to the *Owens* contract intended transportation services for the inmates from a federal prison to a county jail; and the parties to the *Moorman* contract intended insurance coverage for passengers in the insured's vehicle. Likewise, in order for Freeman to survive a demurrer to its third-party beneficiary claim, Freeman must have identified and pleaded facts supported by contractual language demonstrating that Doubletree and Atlantic intended to confer a benefit on her. If Freeman, instead, was merely an incidental beneficiary of the Contract — and not an intended beneficiary — then there can be no breach of contract claim as a third-party beneficiary.

The Court looks to the Contract to determine whether Doubletree and Atlantic intended to bestow a benefit on Freeman. *See Richmond Shopping Ctr., Inc. v. Wiley N. Jackson Co.*, 220 Va. 135, 142, 255 S.E.2d 518, 523 (1979). Freeman attached the Contract to her Third Amended Complaint. (Third Am. Compl. Ex. A.) The Court's examination of the Contract is proper on demurrer because the Contract, as an exhibit, is part of the pleadings. Va. Sup. Ct. R. 1:4(i). Upon careful review, the Court finds that Freeman has not identified or pleaded any language in the Contract that suggests that Doubletree and Atlantic "clearly and definitely" contemplated that Freeman or any other hotel invitee was an intended beneficiary of the Contract. Unlike the inmates in *Ogunde*, the inmates in *Owens*, and the passenger in *Moorman*, the Court finds that the Contract does not specifically intend to benefit Freeman or other hotel invitees. The Court finds that the contract provisions relied upon by Freeman were not inserted into the Contract directly or primarily for her benefit. The Contract does not state, *e.g.*, that its purpose is to provide safe passage for hotel invitees and employees. The Contract services instead are narrowly articulated and contemplate *only* elevator maintenance and repair work; there are no intended beneficiaries other than Doubletree and Atlantic. (*See generally* Third Am. Compl. Ex. A.) Freeman at best is an incidental beneficiary of the Contract as an hotel invitee and elevator rider, but those capacities, by themselves, do not make her an intended, third-party beneficiary.

Freeman relies on language in the "Limits of Liability" section of the Contract to assert that the Contract contemplates specific, intended third-party beneficiaries and that she "falls within a known and anticipated class of persons for whose benefit this contract was intended." (Third Am. Compl. ¶¶ 45-46.) Freeman asserts that the "intended benefit" of the Contract arises out of the provision that "Blueridge General assumes NO

liability for: a.) Injuries or damages to persons or property except injuries or damages caused by the Company's acts or omissions." (*Id.* at ¶ 45.) The Court finds that Freeman's reliance on this contractual language as the basis for her third-party beneficiary claim is misplaced; this argument, that a party's attempt to limit liability somehow creates a duty otherwise not contemplated by the parties, is unsupported and unpersuasive. The Court therefore finds that Freeman's reliance on this contractual language in her Third Amended Complaint cannot support her claim that she is a third-party beneficiary.

Absent express language in the Contract demonstrating that the contracting parties intended Freeman to be a contractual beneficiary, this Court cannot — based on the facts alleged and in light of the Contract, which is an exhibit to the Third Amended Complaint — find that Freeman sufficiently pleaded that she is a third-party beneficiary of the Contract. The Court, therefore, sustains the Demurrer on this ground. Because Freeman previously was granted leave to amend in response to a demurrer that the Court sustained on this same basis and, more importantly, because the Contract establishes that she is not an intended third-party beneficiary as a matter of law, the demurrer on this ground is sustained with prejudice, and leave to amend is not granted.

### C. *Freeman Cannot Recover the Contract Damages Sought in Her Third Amended Complaint*

The Court's determination that Freeman has not sufficiently pleaded that she is a third-party beneficiary effectively precludes her ability to recover damages pursuant to the alleged breach of contract. Nevertheless, even assuming *arguendo* that Freeman had sufficiently pleaded her status as a third-party beneficiary, Freeman would not be able to recover the contractual damages she alleges in her Third Amended Complaint.

A third-party beneficiary effectively steps into the shoes of the contracting party whose contractual rights the beneficiary seeks to enforce, limiting the beneficiary to breach of contract damages. *Oliver v. Cashin*, 192 Va. 540, 543, 65 S.E.2d 571, 572-73 (1951). Breach of contract damages, absent a contractual limitation of liability clause, consist of damages directly flowing from the breach as well as consequential damages, *i.e.*, those damages reasonably foreseeable by the contracting parties at the time they formed the contract. *Kamlar Corp. v. Haley*, 224 Va. 699, 706, 299 S.E.2d 514, 517 (1983). Damages for breach of contract, therefore, generally are limited to the pecuniary loss sustained by the non-breaching party or the third-party beneficiary. *Id.* at 705, 299 S.E.2d at 517. Of note, it does not appear that Freeman has alleged any damages flowing directly from the alleged breach of the Contract.

Additionally, here the Contract includes a limitation of liability provision that shields Atlantic from liability stemming from "any cause beyond the

Company's reasonable control, and, in no event, shall the Company be liable for consequential damages." (Third Am. Compl. Ex. A, ¶ IV.C.1.d.) In her Third Amended Complaint, Freeman alleges that Doubletree's employees instructed her to jump and that it was those employees who failed to call for additional equipment or assistance to help Freeman off the elevator. (Third Am. Compl. ¶ 21.) The Court finds that the actions of Doubletree's employees are beyond the reasonable control of Atlantic and, based on the allegations in the Third Amended Complaint, Freeman cannot recover the damages she seeks. Further, to the extent that Freeman is seeking to recover consequential damages, they are expressly excluded by the limitation of liability provision.

To the extent that Freeman seeks tort damages, such damages typically are not available in a breach of contract claim and, therefore, are unavailable to a third-party beneficiary of a contract. As one Virginia Circuit Court held:

> Such injuries resulting not directly from a breach of the contract, but from physical conditions existing apart from the contract, which the contract merely undertook to eliminate, cannot well be regarded as a proximate result of the breach of the contract, within the contemplation of the parties at the time of the making thereof. To allow a recovery for such injuries is to allow a recovery as for tort on account of a breach of contract.

*Oden v. Conway*, 47 Va. Cir. 106, 111-12 (Rockingham Cnty. 1998). Although, under certain circumstances, a single act or occurrence can support causes of action for both breach of contract and breach of a duty arising out of tort, such circumstances require a tortious or negligent breach of a common law duty. *See, e.g., Dunn Constr. Co. v. Cloney*, 278 Va. 260, 266-67, 682 S.E.2d 943, 946 (2009). Here, there are no facts in the Third Amended Complaint to support such a tortious or negligent breach of a common law duty. Thus, even if Freeman properly pleaded a third-party beneficiary claim, which this Court found that she has not, she could not recover the contractual damages she seeks.

The Court, therefore, sustains the Demurrer as to breach of contract damages.

## Conclusion

The Court sustains Atlantic's Demurrer with respect to Freeman's breach of contract, third-party beneficiary, and contract damages claims. The Court does not — based on the prior leave granted and amendment provided, the persistent shortcomings of the complaints filed by Freeman in this regard, and the fact that Freeman cannot claim third-party beneficiary status under the Contract as a matter of law — grant Freeman leave to file an Amended Complaint.